No. 13021

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

THE STATE OF MONTANA, on the relation of
the City of Helena, Montana, a municipal
corporation,

Relator,

-vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT,
IN AND FOR THE COUNTY OF LEWIS AND CLARK, and the
HONORABLE PETER G. MELOY, Judge of said Court,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relator:

P. Keith Keller argued, Helena, Montana
C. W. Leaphart, Jr., Helena, Montana

For Respondents:

Harris, Jackson and Utick, Helena, Montana
Robert Murdo argued, Helena, Montana
Gough, Booth, Shanahan and Johnson, Helena, Montana
Loble, Picotte and Pauly, Helena, Montana

---

Submitted: May 14, 1975

Decided: JUN 10 1975

Filed: JUN 10 1975

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is a petition by the City of Helena for a writ of supervisory control alleging that the district court, Lewis and Clark County, erred in denying defendant petitioner's motion for summary judgment, in cause No. 36440, entitled Morland P. Branning, Plaintiff, versus Rick McCullough, the State of Montana, acting by and through its State Highway Commission, and the City of Helena, Montana, Defendants. Petitioner argues the denial of its motion necessitates a trial on the merits, even though petitioner cannot be held liable as a matter of law, and that supervisory control is the only effective remedy available.

The lawsuit involves an intersection collision which occurred in the City of Helena on the evening of April 28, 1972. The following diagram approximates the appearance of that intersection:



B - Branning
M - McCullough
S - Stop Signs
X - Point of collision

Rickey P. McCullough was driving east on "old" Eleventh Avenue when his vehicle collided with one being driven south on Fee Street by Morland P. Branning. McCullough and Branning brought negligence actions against each other, and both joined the City of Helena and the State of Montana as defendants, alleging that the intersection was negligently designed, regulated and maintained. The claims against the State were dismissed as barred by the doctrine of sovereign immunity. This petition is brought by the City of Helena, seeking review of the district court's denial of summary judgment in its favor.

The petition raises two issues necessary to the disposition of this case:

1. Are there genuine issues of material fact which preclude summary judgment under Rule 56, M.R.Civ.P.?

2. Does the absence of jurisdiction or control over the intersection by the City, if established here, preclude liability on the part of the City?

This Court held in Roope v. Anaconda Co., 159 Mont. 28, 32, 494 P.2d 922:

> "The burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. Byrne v. Plante, 154 Mont. 6, 459 P.2d 266, and citations herein. But where, as here, the record discloses no genuine issue as to any material fact, the burden is upon the party opposing the motion to present evidence of a material and substantial nature raising a genuine issue of fact. Flansberg v. Montana Power Co., 154 Mont. 53, 460 P.2d 263, and authorities cited therein."

The depositions in the record here indicate that the intersection was, at the time of the accident, a part of the State Highway System and the Federal Aid Primary System. Respondent district court acknowledges the unanimity among the deposed witnesses, but argues that no records have been produced which conclusively confirm those statements. It cites Live Stock Nat.

Bank of Chicago v. Richardson, 303 Ill.App. 445, 25 N.E.2d 613, as establishing the necessity for such documentary evidence in a case such as this. Without those records, it claims that a factual dispute remains which bars entry of summary judgment on the City's motion.

That argument ignores the evidence contained in this record. Not only do the deposed witnesses all support the City's claim of no jurisdiction or control, but exhibits to those depositions likewise support the claim. Employees of the State Highway Department who were deposed claimed that the intersection was within the department's jurisdiction. Among the exhibits is an agreement between the State and the City which refers to construction known as "Federal Aid Project No. F. 9999(2)", expressly including this portion of Eleventh Avenue. That agreement also provides that the City will not erect any traffic control devices giving preference to "local routes" without the express written permission of the State.

One exhibit is a pencil abstract indicating the entire intersection is owned by the State of Montana. Other exhibits, while less persuasive, also support the factual proposition that the intersection is owned by the State and remains a part of the State's jurisdiction.

Given this evidence, we find the City has met the burden required before it can secure summary judgment, and respondent, to prevail, must demonstrate "evidence of a material and substantial nature, raising a genuine issue of fact." Roope, supra. The only evidence which might be viewed as controverting that produced by the City is contained in an amended answer to Branning's Interrogatory Number 9, wherein the City stated:

> "Inasmuch as the intersection is within the
> corporate limits of the city, its use is policed
> by the city. Accordingly, the city performs re-
> moval of automobiles and obstructions and injured

> persons on an emergency basis only. Routine
> maintenance was, and is, performed by the
> State of Montana. The City of Helena, however,
> performs sanding on the street."

Brannings' deposition contains personal observations which tend to confirm the sanding of the street by the City.

This evidence, in our view, presents no genuine issue of material fact. Montana's legislature has expressly declared its intention to "make the department of highways custodian of the federal-aid and state highways." Section 32-2202(2), R.C.M. 1947. Eleventh Avenue's status as a federal aid highway is evidenced by the depositions and the identification contained in the City-State agreement earlier referred to. Its status as a state highway is clear under the statutory definition as "[a]ny public highway planned, laid out, altered, constructed, reconstructed, improved, repaired, maintained, or abandoned by the department." Section 32-2203(28), R.C.M. 1947. We find nothing in the City's sanding of the intersection which raises a genuine issue as to the ultimate conclusion of State control and jurisdiction.

That finding raises the question of whether or not the City can be held liable for allegedly negligent design, regulation or maintenance of this intersection, even though it had no possessory or jurisdictional powers over it. We find that it cannot.

In reaching that conclusion, we are aided by the decision in Harlan v. City of Tucson, 82 Ariz. 111, 309 P.2d 244, 249. In that case, an accident occurred at the intersection of a state highway with a city street in Tucson. The State of Arizona had jurisdiction, control over, and responsibility for the maintenance of that highway. The City of Tucson occupied a similar status in relation to the frontage roads and connecting city streets. The complaint alleged the City was negligent in constructing, or allowing to be constructed, a dangerous intersection, and in failing to give warning of the dangerous condition. The City moved for summary

judgment on the ground that the intersection was within the jurisdiction of the State, and therefore the City could not be found negligent, as a matter of law. The Supreme Court of Arizona affirmed the granting of that motion:

> "There being no jurisdiction or control in the
> city over the intersection involved, it follows
> there could be no duty, and without a duty in
> the matter there can be no actionable negligence."

The Court there reached that determination in spite of the performance of some traffic control and maintenance of the intersection by the City. The Arizona statutes quoted in that opinion are, in many respects, similar to Montana's, and we find no reason for a different result in the instant case. For other pertinent authority, arriving at similar conclusions, see: Gillespie v. City of Los Angeles, 36 Cal.2d 553, 225 P.2d 522; McNulty v. Commonwealth of Pennsylvania, 314 F.Supp. 1274; 19 McQuillin, Municipal Corporations, 3rd Ed., § 54.25c.

Petitioner here also raises an issue concerning alleged failure to satisfy the notice requirements of Section 11-1305, R.C.M. 1947. In finding that summary judgment should have been granted on the grounds already stated, we need not consider this additional issue.

As in State ex rel. Burlington Northern, Inc. v. District Court, 159 Mont. 295, 496 P.2d 1152, a writ of supervisory control is proper here as the sole means by which petitioner can avoid the substantial prejudice of being forced to defend a suit where, as a matter of law, liability cannot be established.

Summary judgment should have been granted to petitioner, and it is so ordered.

_Frank I. Haswell_
_____
Justice

- 6 -

We concur:

_____
Chief Justice

_____

_____
Justices