No. 13605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

STATE ex rel. DEPARTMENT OF JUSTICE OF
THE STATE OF MONTANA, the HONORABLE ROBERT
L. WOODAHL, ATTORNEY GENERAL OF THE STATE
OF MONTANA; and the STATE OF MONTANA,

Relators,

-vs-

THE DISTRICT COURT OF THE EIGHTH JUDICIAL
DISTRICT OF THE STATE OF MONTANA, IN AND FOR
THE COUNTY OF CASCADE, and the HON. TRUMAN G.
BRADFORD, Judge thereof,

Respondents.

---

No. 13606

STATE ex rel. DEPARTMENT OF JUSTICE OF
THE STATE OF MONTANA, the HONORABLE ROBERT
L. WOODAHL, ATTORNEY GENERAL OF THE STATE
OF MONTANA; and the STATE OF MONTANA,

Relators,

-vs-

THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF
DEER LODGE and the HON. ROBERT J. BOYD, JUDGE
presiding.

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

Garlington, Lohn and Robinson, Missoula, Montana
Gary Graham argued and Sherman V. Lohn argued,
Missoula, Montana

For Respondents:

Smith, Emmons, Baillie and Walsh, Great Falls,
Montana
Robert J. Emmons argued, Great Falls, Montana

---

Submitted: December 6, 1976

Decided: DEC 27 1976

Filed: DEC 2 - 1976

THOMAS J. KEARNEY

Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

These two original proceedings were consolidated by order of this Court dated November 15, 1976. They present the same issue for our resolution: Can the Attorney General, the Department of Justice, or the State of Montana be sued for malicious prosecution in a civil action for damages?

On July 30, 1974, relators filed an information charging Gloria Eusek Carden with one count of grand larceny and two counts of forgery involving workmen's compensation claims. This information was dismissed and replaced with a second information charging Carden with one count of grand larceny and only one count of forgery. The other forgery count contained in the first information was not refiled. After motion by Carden, the grand larceny count was dismissed by the district court for lack of probable cause. The remaining count of forgery was dismissed by the district court in the interest of justice upon motion by relators.

On July 30, 1976, Carden filed a complaint against relators in the district court in Cascade County. Carden's complaint alleged that in filing the criminal charges against her, relators acted maliciously, negligently, without probable cause, and in violation of her civil rights. In response, relators filed a motion to dismiss the complaint arguing, among other things, that the claim against them was barred by the doctrine of prosecutorial immunity. Respondent district court in Cascade County heard arguments and denied the motion on November 10, 1976.

On August 2, 1976, Frank Preite filed a similar complaint against relators in the district court in Deer Lodge County. This complaint alleged that relators acted maliciously, negligently, without probable cause, and in violation of Preite's

civil rights by filing an information on July 31, 1974, charging him with three counts of grand larceny and one count of forgery involving workmen's compensation claims. Further damages were sought because of relators' efforts to have the charges dismissed and refiled in another county. Relators filed a motion to dismiss Preite's complaint which was denied by the respondent district court in Deer Lodge County on October 14, 1976.

Relators appeared ex parte before this Court on November 15, 1976, seeking a writ of supervisory control or other appropriate writ directing the dismissal of the Carden and Preite complaints. An adversary hearing was ordered and held before this Court on December 6, 1976.

Relators argue that a prosecuting attorney is a quasi-judicial officer who enjoys absolute immunity from civil liability for conduct within the scope of his duties. They contend it is in the public interest to allow a prosecutor to speak and act freely and fearlessly in enforcing the criminal laws and that he will become intimidated if he must calculate the likelihood of a civil suit whenever he files criminal charges. In Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L ed 2d 128 (1976), the United States Supreme Court said:

> "The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust. * * *"

Respondents, however, do not question the prior existence of prosecutorial immunity in Montana; but argue that such immunity has now been abolished. Article II, Section 18 of the 1972

Montana Constitution, as amended, effective July 1, 1975,

provides:

> "The state, counties, cities, towns, and all
> other local governmental entities shall have
> no immunity from suit for injury to a person
> or property, except as may be specifically
> provided by law by a 2/3 vote of each house of
> the legislature."

Section 83-706.1, R.C.M. 1947, provides in part:

> "The state, counties, cities, towns, and all
> other local governmental entities shall have no
> immunity from suit for injury to a person or
> property. This provision shall apply only to
> claims for relief and causes of action arising
> after July 1, 1973. * * *"

Section 82-4310, R.C.M. 1947, of the Montana Comprehensive State

Insurance Plan and Tort Claims Act provides:

> "Every governmental entity is subject to lia-
> bility for its torts and those of its employees
> acting within the scope of their employment or
> duties whether arising out of a governmental or
> proprietary function."

Respondents argue from these authorities that all forms of im-

munity have been eliminated. They point out that the definition

of "personal injury" in section 82-4302, R.C.M. 1947, of the

Montana Comprehensive State Insurance Plan and Tort Claims Act

includes injury resulting from "malicious prosecution"; that

the definition of "claim" includes negligent acts or ommissions;

and that the definition of "employee" includes elected officials.

In Noll and Kenneady v. Bozeman, 166 Mont. 504, 505,

534 P.2d 880, we referred to Article II, Section 18, 1972

Montana Constitution and stated that the concept of "sovereign

immunity" was abolished. Respondents' argument would have merit

if sovereign immunity and prosecutorial immunity were merely two

different terms used to describe the same thing. That, how-

ever, is not the case. They are different concepts and are

supported by different considerations of public policy. Article

II, Section 18, 1972 Montana Constitution did not abolish prose-

cutorial immunity. When a prosecutor acts within the scope of

his duties by filing and maintaining criminal charges he is absolutely immune from civil liability, regardless of negligence, or lack of probable cause. Our holding is not affected by the Montana Comprehensive State Insurance Plan and Tort Claims Act or section 83-706.1, R.C.M. 1947. In Storch v. Board of Dir. of East. Mont. Reg. Five M.H.C., ____Mont.____, 545 P.2d 644, 646, 33 St.Rep. 102, 104, we said:

> "It is an established general principle that any statutory waiver of a state's immunity from suit is to be strictly construed. * * *"

The statutes cited by respondents do not specifically refer to prosecutorial immunity and in light of Storch we cannot imply the existence of such abolishment.

Respondents argue further that even if the attorney general as prosecutor is protected from suit, the doctrine of prosecutorial immunity does not extend to the Department of Justice and the State of Montana. A similar argument was disposed of in Creelman v. Svenning, 67 Wash.2d 882, 410 P.2d 606, 608:

> "The public policy which requires immunity for the prosecuting attorney, also requires immunity for both the state and the county for acts of judicial and quasi-judicial officers in the performance of the duties which rest upon them; otherwise, the objectives sought by immunity to the individual officers would be seriously impaired or destroyed. If the prosecutor must weigh the possibilities of precipitating tort litigation involving the county and the state against his action in any criminal case, his freedom and independence in proceeding with criminal prosecutions will be at an end. The public advantage of free, independent, and untrammeled action by the prosecuting attorney outweighs the disadvantage to the private citizen in the rare instance where he might otherwise have an action against the county and state, either or both."

The doctrine must encompass the state and its agencies, as well as the prosecutor, or its efficacy will be lost.

We note that this is a proper case for the exercise of our original jurisdiction. In State ex rel. City of Helena v.

District Court, 167 Mont. 157, 536 P.2d 1182, 1185, 32 St.Rep. 581, we said:

> " * * * a writ of supervisory control is proper here as the sole means by which petitioner can avoid the substantial prejudice of being forced to defend a suit where, as a matter of law, liability cannot be established."

Relators cannot appeal from denial of a motion to dismiss a complaint and as liability cannot be established as a matter of law they face substantial prejudice in defending both of these actions unless relief is granted.

This opinion will constitute a writ of supervisory control for the guidance of the district courts.

                                                    Chief Justice

We concur:

_____

_____

_____

_____
Justices