No. 86-575

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

WAYNE RONEK and ROGER RONEK,

   Plaintiffs and Appellants,

   -vs-

GALLATIN COUNTY, MONTANA,

   Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,
   In and for the County of Gallatin,
   The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

   Larry Jent argued, Bozeman, Montana

   For Respondent:

   Harrison, Loendorf & Poston; Stephen R. McCue argued,
   Helena, Montana
   A. Michael Salvagni, County Attorney, Bozeman, Montana

   For Amicus Curiae:

   Mark Murphy, Asst. Atty. General, Montana County
   Attorneys Assoc., Helena, Montana

Submitted: June 2, 1987

Decided: July 29, 1987

Filed: JUL 29 1987.

_Ethel M. Harrison_

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellants appeal an order of the District Court of the Eighteenth Judicial District in and for Gallatin County, Montana, dismissing their complaint for failure to state a claim on which relief can be granted. We affirm.

This case arose out of a criminal prosecution in which the complaint, filed in Gallatin County justice court, charged common scheme theft in violation of § 45-6-301(2)(a), MCA. Roneks, appellants here, purportedly contracted to build garages for certain named owners of property in Gallatin County and then failed to pay the materialmen who provided materials used in the construction. The County dismissed the complaint almost two months after the charges were brought. Roneks then filed a complaint against the County, premised on the theory of malicious prosecution, specifically that the charge was brought without probable cause, and for false imprisonment. The County filed its answer denying all material allegations.

Gallatin County then filed an application for a writ of supervisory control with this Court, directed to the District Court and ordering the Roneks' complaint be dismissed. The application was denied. Meanwhile, Roneks successfully moved to amend their complaint to reflect a cause of action for violation of their constitutional rights under 42 U.S.C. § 1983, part of the Civil Rights Act of 1871. In this count Roneks alleged that Gallatin County was liable for the action of the Gallatin County Attorney "while carrying out the policy of [Gallatin County]." The action was directed at the County only and not against any individuals. Gallatin County moved to dismiss that count, the parties submitted briefs, including an amicus brief from the Montana County Attorney's

2

Association. At oral argument the court granted Gallatin County leave to renew its motion to dismiss the entire complaint, including the first count alleging malicious prosecution, which the court previously had denied. Roneks were permitted to amend their complaint a second time. The District Court dismissed the entire second amended complaint in August 1986, concluding the County was not the proper entity for either of the two counts. Roneks appeal.

The dispositive issue in this case is whether Gallatin County is the proper defendant, whether the charge is malicious prosecution or violation of § 1983 of the Civil Rights Act. Appellants apparently concede the immunity of the county attorney.

The common law powers and duties of the prosecutor can be traced back to the English common law and have been part of our system of jurisprudence since the days of the Bannack statues. State ex rel. Ford v. Young (1918), 54 Mont. 401, 403, 170 P. 947, 948. The prosecutor is a quasi-judicial officer who enjoys common law immunity from civil liability for conduct within the scope of his duties. This allows him "to speak and act freely and fearlessly in enforcing the criminal laws." State ex rel. Dept. of Justice v. District Court (1977), 172 Mont. 88, 90, 560 P.2d 1328, 1329.

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

Imbler v. Pachtman (1976), 424 U.S. 409, 422-423, 96 S.Ct. 984, 991, 47 L.Ed.2d 128, 139.

We have made clear that abolition of sovereign immunity in Art. II, § 18 of the 1972 Montana Constitution does not abolish prosecutorial immunity.

> They are different concepts and are supported by different considerations of public policy. Art II, § 18 . . . did not abolish prosecutorial immunity. When a prosecutor acts within the scope of his duties by filing and maintaining criminal charges he is absolutely immune from civil liability, regardless of negligence or lack of probable cause.

State ex rel. Dept. of Justice, supra, at 92, 560 P.2d at 1330. The doctrine must encompass the state and its agencies, as well as the prosecutor, or its efficacy will be lost. Id. The Court finds it unnecessary to confront the thorny problem of whether the county attorney in his prosecutorial capacity is an agent of either the county or the state in order to reach a decision in this case.

We extend the holding in State ex rel. Dept. of Justice to include prosecutorial immunity for counties. Nonetheless, we will address certain of Roneks' arguments in an effort to clarify the holding. They argue the District Court ignored the distinction between personal capacity suits and official capacity suits. Their contention is Gallatin County, the only named defendant in this action, cannot use the personal prosecutorial immunity of the county attorney as a shield for its own liability in an official capacity action. We do not find that is what the County is doing, however.

Personal capacity suits seek to impose personal liability on a governmental official for actions he takes under color of state law. Scheuer v. Rhodes (1974), 416 U.S. 232, 237, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90, 98. Clearly

the case at bar is not such a case. By contrast, however, Roneks argue that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. N.Y. City Dept. of Social Services (1978), 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611, 635, n. 55. The Court in Monell continued, however:

> [L]ocal government officials sued in their official capacity are "persons" under § 1983 in those cases in which, as here, a local government would be suable in its own name.

Id.

In Monell, the New York City Department of Social Services and the City Board of Education, as a matter of official policy, compelled pregnant employees to take unpaid leaves of absence before such leaves were required for medical reasons. The named defendants, the Department and its Commissioner, the Board and its Chancellor, the City of New York and its Mayor, were sued solely in their official capacites.

In the case at bar, the county attorney is not a named defendant in either his personal or official capacity. Further, Gallatin County is immune from suit when prosecutorial misconduct is at issue by virtue of our holding in State ex rel. Dept. of Justice, supra. In order to apply the reasoning in Monell, an official of the governmental entity must be named in his official capacity, and the governmental entity must be suable in its own name. Neither circumstance pertains here.

The prosecutorial duties of the county attorney are defined statutorily and include drawing all indictments and informations. Section 7-4-2712, MCA. The county attorney also must:

5

> (1) attend the district court and conduct, on behalf of the state, all prosecutions for public offenses and represent the state in all matters and proceedings to which it is a party or in which it may be beneficially interested, at all times and in all places within the limits of his county;
>
> (2) when ordered or directed by the attorney general to do so, promptly institute and diligently prosecute in the proper court and in the name of the state of Montana any criminal or civil action or special proceeding;
>
> (3) defend all suits brought against the state.

Section 7-4-2716, MCA. A determination by the county attorney to bring an action is discretionary, and is his duty under the law. There is no evidence or specific allegation the county attorney exceeded his authority or was derelict in his duty under the law.

Roneks are not aided by amending their complaint to include a § 1983 action.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Local government entities can be sued under § 1983

> [w]here . . . the action that is alleged to be unconstitutional implements or

6

> executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. However, . . . [there must be] an allegation that official policy is responsible for a deprivation of rights protected by the Constitution.

Monell v. N.Y. City Dept. of Social Services, supra, at 690, 98 S.Ct. at 2035-2036, 56 L.Ed.2d at 635.

> [P]laintiffs have failed to allege with specificity that any particular action was taken pursuant to any particular policy, [or] that any specified policy exists . . .

Whelehan v. County of Monroe (W.D.N.Y. 1983) 558 F.Supp. 1093, 1103.

A careful examination of the pleadings does not enlighten the Court as to which of Roneks' constitutional rights were violated. A suspect who is jailed pursuant to a valid warrant has no claim under the Fourteenth Amendment to the United States Constitution that he was deprived of his liberty without due process. Baker v. McCollan (1979), 443 U.S. 137, 143-146, 99 S.Ct. 2689, 2694-2695, 61 L.Ed.2d 433, 441-442. (In the case at bar, Roneks allege the arrest warrant was not valid, but fail to allege the nature of the infirmity.) Nor does the allegation of malicious prosecution automatically include the elements of a § 1983 action. Bretz v. Kelman (9th Cir. 1985), 773 F.2d 1026.

Nor can a local government be held liable solely because it employs a tortfeasor. That is, a local government cannot be held liable under § 1983 on a respondeat superior theory. Only when an injury results from execution of a government policy or custom is the governmental entity responsible under § 1983. See Monell, supra, at 691-694, 98 S.Ct. at 2035-2037, 56 L.Ed.2d at 635-637.

There are strong policy reasons for absolute prosecutorial immunity for governmental entities, as well as for personal immunity of the prosecutor.

> It can scarcely be denied that a defendant who has been acquitted of criminal charges has nothing to lose by commencing a § 1983 action against the prosecutor's municipal employer. The costs to the public from frivolous claims of malicious prosecution, however, are great, and far outweigh the minimal deterrent effect of civil suits on actual prosecutorial misconduct. Whether the government's case is weak or strong, if there is evidence establishing probable cause to believe criminal acts have been performed, the prosecutor should be given every incentive to submit the evidence to the "crucible of the judicial process so that the factfinder may consider it . . . to determine where the truth lies." Imbler v. Pachtman, 424 U.S. 409, at 440, 96 S.Ct. 984, 999, 47 L.Ed.2d 128 (1976) White J., concurring in the judgment. These incentives are not provided if the prosecutor is to be constantly distracted by civil actions under § 1983 that require a judge and jury to second guess the propriety of his acts performed in discharging his core responsibilities.

Armstead v. Town of Harrison (S.D.N.Y. 1984), 579 F.Supp 777, 782-783. See also State ex rel. Dept. of Justice, supra, and cases cited therein.

This lawsuit illustrates the importance of prosecutorial immunity.

> Prosecutorial immunity does not reflect judicial or social approval of prosecutorial misconduct, but rather reflects a balance between an individual's right to be treated fairly by prosecutors and society's need to keep the criminal justice system functioning without undue interference and protracted delay.

8

Siano v. Justices of Massachusetts, (1st Cir. 1983), 698 F.2d 52, 57. Cert. denied (1983), 464 U.S. 819, 104 S.Ct. 80, 78 L.Ed.2d 91.

The order dismissing the complaint is affirmed.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_Fred J. Weber_

_John C. Sheehy_

_L.C. Gulbrandson_

_William E. Hunt_

_R.C. McDonough_
Justices