JUSTICE HUNT
delivered the opinion of the Court.
The Eleventh Judicial District Court, Flathead County, granted the State of Montana, Board of Dentistry’s, motion for summary judgment on the issue of immunity, and denied its motion to vacate a previous order granting summary judgment against it on the issue of injunctive relief. Both parties appeal.
We reverse on the issue of immunity and affirm on the issue of injunctive relief.
We will address two issues on appeal:
*446 1. Is the State of Montana, Board of Dentistry, immune from suit because it is a quasi-judicial body?
2. Did the District Court err in granting summary judgment to the defendant Kandarian on the issue of injunctive relief?
TMJ, or temporomandibular joint dysfunction, is a medical/dental problem. R. Brent Kandarian, a denturist and head of the State Board of Denturitry, advertised in a local paper that he would perform “TMJ evaluations.” On August 26, 1986, a dentist wrote to the Board of Dentistry (Board) requesting an investigation into the alleged illegal practice of dentistry by Kandarian. He stated in his letter that evaluating TMJ was the practice of dentistry, and that he had personal knowledge of an offer by Kandarian to treat a patient with TMJ disorder via construction of a partial denture.
The Board wrote to Kandarian on September 22, 1986, informing him of the complaint. On the same day, the Board of Denturitry was informed of the complaint against Kandarian. Kandarian responded that the Board had no power to regulate his denturitry practice.
The Board met on November 12, 1986, and without investigation, decided to ask Flathead County to file criminal charges against Kandarian. While Flathead County was deciding that issue, the Board’s counsel released the contents of the complaint against Kandarian to the press. Flathead County refused to prosecute, and on February 2, 1987, the Board filed for an injunction against Kandarian.
The Board identified James Stobie, D.D.S., as the expert witness who would testify as to whether TMJ evaluations were within the practice of denturitry. His deposition stated that as long as a denturist is practicing denturitry, it would be misfeasance or malfeasance not to do a TMJ evaluation while fitting for “partíais” or “fulls.”
Kandarian counterclaimed and moved for summary judgment. The Board asked for “follow up discovery” and represented that it had witnesses who would be contacted and who would produce, by way of affidavit, evidence that Kandarian had done nondenture work on them.
On January 8, 1988, the court dismissed the complaint against Kandarian because the Board had failed to produce affidavits showing that Kandarian had performed work on the natural teeth of two individuals previously named by the Board.
On February 25, 1988, the Board filed an amended response to Kandarian’s counterclaim, claiming immunity for damages on the *447 basis of its quasi-judicial status. In a January 1989 order denying immunity for the Board, the court found that lack of substantial investigation into the allegations against Kandarian raised questions of material fact as to whether the Board was performing its official duties. On March 13,1989, Kandarian filed an amended answer and counterclaim, alleging breach of right of privacy, wrongful injunction, intentional interference with business and patients, slander and libel, wrongful civil litigation, abuse of process, outrage and intentional infliction of emotional distress, and negligence.
On February 8, 1990, the court issued a two-part order: first, the order denied the Board’s motion to vacate the previous order granting summary judgment to Kandarian. Second, it vacated the January 1989 order and found immunity for the Board on the grounds that in the absence of rules for investigations, the statute provided that the Board could seek injunction under § 37-4-328(3), MCA. The court denied Kandarian’s motion for attorney fees on March 15, 1990.
Judgment was filed on March 15, 1990, and Kandarian and the Board appealed.
Is the Board immune from suit because it is a quasi-judicial body?
The District Court’s finding that the Board is immune from suit on the basis of quasi-judicial immunity is erroneous. We extended quasi-judicial immunity to administrative boards in Koppen v. Board of Medical Examiners, 233 Mont. 214, 759 P.2d 173 (1988). In that case, we stated that the discretion vested in the Board of Medical Examiners to determine whether or not to adjudicate an alleged violation by a licensee rendered it a quasi-judicial body. We referred to the notice and hearing requirements of the Montana Administrative Procedures Act (MAPA), and the fact that the decision is subject to judicial review, to support our holding that the Board of Medical Examiners is quasi-judicial and absolutely immune in the exercise of that authority. Koppen, 233 Mont. at 219, 759 P.2d at 176. In Koppen we cite Butz v. Economou, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978):
‘We think that adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages.”
In this case, the Board was proceeding against a nonlicensee under § 37-4-328(3), MCA. That section does not require an administrative *448 hearing before the Board under MAPA, but allows the attorney general, county attorney, or board to seek injunctive relief.
When the Board sought an injunction in the District Court, it put itself in the role of litigant or advocate, not adjudicator. Once it invoked the jurisdiction of the court under § 37-4-328, MCA, it acted as a litigant and was not immune from suit.
The Board also claims immunity similar to that enjoyed by prosecutors. While it is true that Koppen, citing Butz, states that “agency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts,” it does not say that all board actions are immune. Koppen, 233 Mont. at 219, 759 P.2d at 176. In State ex rel. Dept. of Justice v. District Court, 172 Mont. 88, 92, 560 P.2d 1328, 1330, we affirmed prosecutorial immunity for the State of Montana and the Department of Justice, noting that:
“When a prosecutor acts within the scope of his duties by filing and maintaining criminal charges he is absolutely immune from civil liability, regardless of negligence, or lack of probable cause.”
In Dept. of Justice, we explain that concern over harassment by unfounded litigation could cause a prosecutor to shade decisions and affect the independence of judgment necessary to the administration of the criminal justice system.
The prosecutor’s independence is checked by procedural safeguards inherent in the system, such as probable cause investigation, swearing under oath, etc. However, here we are not presented with a similar situation. The Board proceeded against Kandarian without any investigation of the allegations against him. It did not interview Kandarian himself. It released sensitive material to the press about a possible criminal action without notice to Kandarian. The Board was not bound by and did not adhere to a process that provided any safeguards for Kandarian. It therefore does not enjoy the immunity afforded the prosecutor.
We reached the issue of state liability in Lima School District No. 12 v. Simonsen, 210 Mont. 100, 683 P.2d 471 (1984). In Lima, the school district claimed sovereign immunity on a counterclaim for damages arising from a suit it instigated. We denied immunity, stating:
“The School District itself initiated this lawsuit. It would be especially inequitable to allow the state to bring an action for payment by mistake and vest them with immunity from suit in related matters. The better rule is to recognize that whenever the state *449 brings an equitable action it waives any applicable sovereignty and opens the door to a defense or counterclaim germane to the matter in controversy.”
Lima, 210 Mont. at 772, 683 P.2d at 477 (emphasis added). Here the action for injunction was an equitable action, and we adhere to the “better rule” that the state does not enjoy immunity for its actions when it seeks injunctive relief in district court.
Did the District Court err in granting summary judgment to the defendant Kandarian on the issue of injunctive relief?
The District Court granted summary judgment to Kandarian when the Board sought to enjoin his practice. The only fact before the District Court was the expert’s testimony that TMJ evaluations were indeed a part of the practice of denturitry. We thus find no abuse of discretion by the District Court in the grant of summary judgment in favor of Kandarian.
Reversed in part and affirmed in part.
JUSTICES HARRISON, McDONOUGH and GRAY concur.