JUSTICE REGNIER
delivered the opinion of the Court.
¶1 Dr. Sandra Rahrer filed an action against the Board of Psychologists, the Department of Commerce, and the State of Montana (hereinafter referred to collectively as “Board”) in the Fourth Judicial District, Missoula County, for damages arising out of a contested case hearing. The District Court issued an order changing venue to the First Judicial District, Lewis and Clark County. The Board moved for and was granted summary judgment. Rahrer appeals. We affirm.
¶2 Rahrer raises the following issues on appeal:
¶3 1. Whether the District Court erred in concluding that the Board of Psychologists, Department of Commerce, and the State were immune from suit for causes of action arising out of a contested case hearing?
¶4 2. Whether the District Court erred in concluding that the Board was not liable as a complaining party under § 37-1-308(2), MCA?
¶5 3. Whether the District Court erred in concluding that Rahrer’s claim for attorney fees was premature?
FACTUAL BACKGROUND
¶6 Rahrer is a psychologist licensed by the Department of Commerce, Board of Psychologists. From May 1993 to March 1994 Rahrer treated a three-year-old child whose parents were involved in a divorce. An attorney representing the child’s mother asked Rahrer to prepare a report concerning her treatment of the child to be used by the child’s mother in a visitation settlement proceeding.
¶7 On June 6,1994, the Board of Psychologists received a complaint concerning that report. The Board of Psychologists issued a Notice of Proposed Board Action and Opportunity for Administrative Hearing on May 19,1995. Rahrer requested a hearing. A contested case hearing was held on June 3-5,1996, after which the hearing examiner concluded that the Board of Psychologists had failed to prove that Rahrer had violated any of the Board’s rules of conduct.
¶8 Rahrer requested an award of attorney fees incurred as a result of the contested case hearing. The hearing examiner observed that the Board failed to exercise “appropriate caution” in evaluating the complaint and the Board’s investigation of the complaint was “grossly inadequate.” However, he recommended that the Board deny *30 Rahrer’s request for attorney fees because the failure to dismiss her case before the contested case hearing was not unreasonable.
¶9 On November 18,1996, Rahrer filed a petition for judicial review in the Fourth Judicial District Court, Missoula Comity, in which she again sought attorney fees she had incurred as a result of the contested case hearing. On May 16,1997, Rahrer filed a separate action in the Fourth Judicial District Court, Missoula County, seeking damages and attorney fees. By stipulation, Rahrer’s petition for judicial review was stayed pending the outcome of her second action. Pursuant to another stipulation of the parties, the District Court changed the venue for Rahrer’s second action to the First Judicial District Court, Lewis and Clark County. The Board moved for summary judgment on May 1,1998. In an order dated November 16,1998, the District Court of Lewis and Clark County granted summary judgment in favor of the Board. Rahrer appeals from this order.
ISSUE 1
¶ 10 Whether the District Court erred in concluding that the Board of Psychologists, Department of Commerce, and the State were immune from suit for causes of action arising out of a contested case hearing?
¶11 Article II, Section 18 of the Montana Constitution provides:
State Subject to Suit. The state, counties, cities, towns, and all other local government entities shall have no immunity from suit for injury to a person or properly, except as may be specifically provided by law by a 2/3 vote of each house of the legislature.
In its comments accompanying the proposed text of Section 18, the Bill of Rights Committee of the 1972 Constitutional Convention stated that its purpose was to abolish “the archaic doctrine of sovereign immunity.” Montana Constitutional Convention, Vol. II at 637. By “sovereign immunity,” the Committee meant the legal doctrine which “bars tort suits against the state for negligent acts by its officials and employees.” Montana Constitutional Convention, Vol. II at 637. The Committee further stated that “all parties should receive fair and just redress whether the injuring party is a private citizen or a government agency.” Montana Constitutional Convention, Vol. II at 637.
¶ 12 We have held that Article II, Section 18 abolished the doctrine of sovereign immunity. See Noll v. City of Bozeman (1975), 166 Mont. 504, 534 P.2d 880. However, we have also held that other immunities, separate and distinct from sovereign immunity, were not affected by the adoption of Article II, Section 18. See State ex rel. Dept. of Justice v. *31 District Court (1976), 172 Mont. 88, 560 P.2d 1328. The plaintiffs in Department of Justice filed separate complaints against the Attorney General, the Department of Justice, and the State of Montana, among others, alleging that the defendants had acted maliciously and negligently in filing criminal charges against them. The defendants sought a writ of supervisory control, which we granted, directing the District Court to dismiss the complaints. In granting the writ, we held that Article II, Section 18 did not abolish the common law doctrine of prosecutorial immunity. Department of Justice, 172 Mont. at 92, 560 P.2d at 1330.
¶13 In concluding that all of the defendants were immune, we extended the doctrine of prosecutorial immunity to cover not only the personal liability of prosecutors, but also the vicarious liability of the State and the Department of Justice. Department of Justice, 172 Mont. at 93, 560 P.2d at 1330. We justified this extension on public policy grounds: the objectives sought by granting immunity to individual officers-free, independent, and untrammeled action-would be seriously impaired or destroyed if we did not extend immunity to the state and its agencies. Department of Justice, 172 Mont. at 92-93, 560 P.2d at 1330 (citing Creelman v. Svenning (Wash. 1966), 410 P.2d 606, 608).
¶14 In Koppen v. Board of Medical Examiners (1988), 233 Mont. 214, 759 P.2d 173, we recognized the common-law doctrine of “quasi-judicial” immunity as a “logical descendent of prosecutorial immunity” and extended absolute immunity to the State and its executive agencies not involved in the criminal justice process. Koppen, 233 Mont. at 219, 759 P.2d at 176. The plaintiffs in Koppen filed suit against the Board of Medical Examiners and the State alleging that the Board was negligent in failing to limit or revoke the license of their physician, Dr. Kaufman. The plaintiffs claimed that the Board had received complaints about Dr. Kaufman’s fitness to practice medicine, but had failed to respond to those complaints. We affirmed the dismissal of their suit, holding that the Board and the State were immune from suit under the doctrine of quasi-judicial immunity.
¶15 In recognizing the quasi-judicial immunity of the Board and the State, we cited with approval Butz v. Economou (1978), 438 U.S. 478, 98 S. Ct. 2894, 57 L. Ed. 2d 895. The plaintiff in Butz had brought various causes of action against federal officials in the Department of Agriculture arising out of an administrative complaint proceeding. The U.S. Supreme Court held that executive officials performing func *32 tions analogous to those of a judge and a prosecutor-e.g., initiating, presenting, and adjudicating cases-were absolutely immune from suit. The Court concluded that, in light of the many safeguards which checked their actions, the benefits of immunity for agency officials functioning in adjudicatory capacities, such as maintaining their independent judgment and enabling them to adjudicate cases on the basis of a complete record, outweighed the risk that they would act unconstitutionally. Butz, 438 U.S. at 512-17, 98 S. Ct. at 2914-16.
¶16 Applying the doctrine of quasi-judicial immunity in Koppen, we observed that “the discretion vested in the Board to weigh the information relative to Dr. Kaufman rendered it a quasi-judicial body.” Koppen, 233 Mont. at 219, 759 P.2d at 176. In this regard, we noted that, similar to the individual defendants in Butz, the Board’s action was subject to safeguards such as the notice and hearing requirements of the Montana Administrative Procedure Act as well as judicial review. Koppen, 233 Mont. at 219,759 P.2d at 176. We concluded that because the Board was performing á quasi-judicial function, the Board was absolutely immune from claims arising out of its inaction. Koppen, 233 Mont. at 219, 759 P.2d at 176.
¶17 In subsequent opinions, we have clarified our holding in Koppen. In State ex rel. Division of Workers’ Compensation v. District Court (1990), 246 Mont. 225, 805 P.2d 1272, we held that the State and the Division of Workers’ Compensation were not immune from suit for their admitted negligence in renewing the privilege of an employer to self-insure because renewing the self-insurance status of an employer was not a discretionary quasi-judicial act. Division of Workers’ Compensation, 246 Mont. at 228-34, 805 P.2d at 1274-78. In State Board of Dentistry v. Kandarian (1991), 248 Mont. 444, 813 P.2d 409, we held that the Board ofDentistry was not immune from a tort suit arising out of its decision to seek an injunction against a nonlicensee because, unlike a prosecutor, the Board’s decision was not checked by procedural safeguards such as probable cause investigation, notice, and swearing under oath. Kandarian, 248 Mont. at 448, 813 P.2d at 412. In Newville v. State Department of Family Services (1994), 267 Mont. 237, 883 P.2d 793, we held that the Department of Family Services was not immune from a suit arising out if its acts of approval for adoption, foster placement, and investigation of child abuse reports because those acts were not part of a contested case hearing or other adversarial process. Newville, 267 Mont. at 269, 883 P.2d at 812.
*33 ¶18 Rahrer asserts that the Board is not entitled to act recklessly in investigating a complaint, persist in investigating baseless allegations, and fail to provide its witnesses with adequate information in a contested case hearing. Rahrer claims that these are examples of the negligent performance of ministerial duties for which state agencies have not been granted immunity under our decision in Division of Workers’ Compensation. The District Court concluded that the Board was immune from suit for actions arising out of a contested case hearing held pursuant to the Montana Administrative Procedure Act.
¶19 Rahrer’s reliance on Division of Workers’ Compensation is based on a misunderstanding of that opinion. In Division of Workers’ Compensation, we held that the Division was not entitled to immunity for its negligent processing of an employer’s request for self-insured status because the Division had failed to undertake a mandatory review and the Division was not acting in a quasi-judicial capacity. Division of Workers’ Compensation, 246 Mont. at 230-32, 805 P.2d at 1276-77. Pursuant to the administrative rules governing self-insured election, the Division could only grant self-insured status to employers who demonstrated financial stability. Division ofWorkers’ Compensation, 246 Mont. at 232, 805 P.2d at 1277. However, the Division had failed to determine whether the employer was eligible before granting the employer self-insured status. More significantly, in approving applications for self-insurance, the Division was not acting in a quasi-judicial capacity. The failure of the Division to adequately review the employer’s application for self-insurance status did not take place during an adversarial resolution of a dispute or controversy. Division of Workers’ Compensation, 246 Mont. at 230, 805 P.2d at 1276.
¶20 The actions of the Board at issue here are not analogous to the actions complained of in Division of Workers’ Compensation. The actions of the Board in determining whether to pursue the complaint against Rahrer, how to investigate that complaint, and how to prepare its witnesses for a hearing on that complaint are clearly the result of discretionary decisions made during the adjudication of a dispute or controversy. We note that under § 37-17-202(2)(b), MCA, the Board “may conduct hearings upon complaints.” Moreover, there is no dispute that the decisions complained of took place in the context of a contested cáse hearing under the Montana Administrative Procedure Act. Initiating, investigating, and presenting a case pursuant to the Montana Administrative Procedure Act involves precisely the types of decisions for which we have granted the state and its agen *34 cies quasi-judicial immunity under Koppen. Accordingly, we hold that the District Court did not err in concluding that the Board was entitled to quasi-judicial immunity.
ISSUE 2
¶21 Whether the District Court erred in concluding that the Board was not liable as a complaining party under § 37-1-308(2), MCA?
¶22 Under § 37-1-308(1), MCA, a person, government, or private entity may submit a written complaint to the Board. Section 37-1-308(2), MCA, provides that “[a] person or private entity, but not a government entity, filing a complaint under this section in good faith is immune from suit in a civil action related to the filing or contents of the complaint.”
¶23 Rahrer asserts that the Board is liable under § 37-1-308(2), MCA. Although Rahrer concedes that the Board did not file the complaint, Rahrer insists that the Board assumed the role of complainant by continuing to pursue the complaint after “it was apparent that the complaint lacked any basis in law or fact.” The District Court granted summary judgment in favor of the Board.
¶24 Assuming, arguendo, that § 37-1-308(2), MCA, creates a cause of action against a government entity, it is clear that it would be limited to government entities that file complaints in bad faith. Rahrer concedes that the Board did not file a complaint against her. It is also clear that a cause of action under § 37-1-308(2), MCA, would be limited to actions related to the filing or contents of a complaint. Rahrer has not asserted a cause of action related to either the filing or the contents of the complaint. Instead, she is claiming that the Board is liable for continuing to pursue the complaint. Accordingly, we conclude that the Board is not liable under § 37-1-308(1), MCA.
ISSUE 3
¶25 Whether the District Court erred in concluding that Rahrer’s claim for attorney fees was premature?
¶26 Rahrer has sought attorney fees and costs incurred in her defense of the contested case hearing in a separate action before the Fourth Judicial District Court, Missoula County. In an order dated February 6, 1997, the District Court in the aforementioned matter stayed the proceedings pending the resolution of the claims which are now before us. Accordingly, we agree with the District Court that Rahrer’s claim for attorney fees and costs should be pursued in connection with her pending action in Missoula County. Upon removal of *35 the stay in the Fourth Judicial District, Rahrer will be free to pursue her claim against the Board for attorney fees and costs.
¶27 Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES LEAPHART and TRIEWEILER concur.