JUSTICE RICE,
concurring in part and dissenting in part.
¶31 I concur with the Court’s determination that this matter is justiciable.
¶32 Regarding Article IV.I.8 of the Compact, the District Court held that the provision was a waiver of immunity, and not a grant of immunity subject to a “2/3 vote of each house of the legislature.” Mont. Const. Art. II, sec. 18. The Court states its agreement here “with the District Court’s construction of the plain language of the Constitution and the Compact,” Opinion, ¶ 15, and I likewise concur. As the District Court explained, this provision constitutes “a limited waiver of [the state’s] sovereign immunity, under the Eleventh Amendment of the U.S. Constitution, which prohibits the state [from] being sued in a federal court.” The District Court stated that the waiver of immunity would permit “certain kinds of suits,” which would include, under the language of the Compact, actions for “the resolution of disputes under the Compact by the Board, and the appeal or judicial enforcement of Board decisions as provided herein.” The provision clarifies that this waiver “shall not extend to any action for money damages, costs or attorneys’ fees.” Thus, the effect of the provision is to permit actions against the state in federal court (a waiver of Eleventh Amendment immunity), not to prohibit actions against the state (a grant of immunity).[1]
¶33 Unlike the Court, I also agree with the District Court’s analysis of the Administrative Statute, § 85-20-1902, subsection 1-2-111, MCA. That provision, entitled “Immunity from Suit,” provides that “Members of the Board, the Engineer, any Designee, any Water Commissioner ... and any Staff shall be immune from suit for damages” arising out of the discharge of their respective duties. While I acknowledge that members of state boards enjoy common law quasi-judicial immunity for actions taken pursuant to their adjudicatory duties, see Rahrer v. Board of Psychologists, 2000 MT 9, ¶¶ 12-20, 298 Mont. 28, 993 P.2d 680, the Administrative Statute goes beyond the boundaries of our common law quasi-judicial immunity and grants immunity to agents and employees of the state, as well as immunity to board members that *282 is more broadly stated than our common law quasi-judicial immunity. See Rahrer, ¶¶ 16-17. The Court distinguishes this grant of immunity from the immunities enacted for the benefit of “state, counties, cities, towns and all other local government entities” under Article II, Section 18, but I do not believe this to be a persuasive distinction. Governments act through their agents. “Every government entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties whether arising out of a governmental or proprietary function. ...” Section 2-9-102, MCA. As noted by the District Court, this conclusion appears to be bolstered by the legislative history of the Compact’s passage. Thus, this provision required passage by a 2/3 vote of each house of the legislature and, lacking such, is invalid.
¶34 Section 1-1-113(1) of the Administrative Statute provides that its provisions “are severable, and a finding of invalidity of one or more provisions hereof shall not affect the validity of the remaining provisions.” Pursuant thereto, I would affirm the District Court’s invalidation and severance of the provision, and dissent from that portion of the Court’s opinion.

 The District Court also suggested that “an obvious problem” with this federal court remedy “is that federal courts do not appear to even have subject matter jurisdiction to entertain such cases under current laws .... The limited ‘remedy” outlined in the Compact thus appears to be illusory. It may never exist as postulated.” This possibly implicated issue of due process of law and related constitutional concerns about the water right process are not before us in this case.