No. 83-540

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

PATRICIA A. KNUTSON,

       Plaintiff and Appellant,

-vs-

THE STATE OF MONTANA,

       Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        J. V. Barron argued, Great Falls, Montana

    For Respondent:

        Sarah M. Power argued, Agency Legal Services Bureau,
Helena, Montana

---

Submitted:    June 6, 1984

Decided:    June 28, 1984

Filed: JUN 28 1984

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Patricia A. Knutson appeals from a summary judgment granted by the District Court, Eighth Judicial District, Cascade County, against her claim for damages for illegal imprisonment in the Montana State Prison for a period of 274 days.

Knutson was convicted on a guilty plea to a felony charge of issuing a bad check in the Cascade County District Court on July 13, 1979, and was granted a deferred sentence for a period of three years and placed on probation.

On December 16, 1981 Knutson was convicted of forgery on a guilty plea in the District Court, Twelfth Judicial District, Hill County, and was sentenced to 5 years in prison with the execution of the entire 5 years sentence suspended.

Based on the forgery conviction in Hill County, Knutson's probation officer filed a report of violation of the conditions of her deferred sentence and the county attorney of Cascade County on February 16, 1982 filed a petition to revoke Knutson's deferred sentence. Following a revocation hearing, Knutson's deferred sentence was revoked on April 26, 1982 and she was sentenced to serve 5 years in prison.

In the meantime, this Court had held on February 3, 1981, in Crist v. Segna (Mont. 1981), 622 P.2d 1028, 38 St.Rep. 150, that section 53-30-105, MCA, then in effect, specifically required that parolees be credited for good time while on parole, subject to determination of good behavior and compliance with the rules by the prison warden and the Department of Institutions.

In two unpublished cases, Miller v. State (1982), No. 81-565 and State v. Gray (1982), No. 82-164, we directed the Department of Institutions to credit good time allowances to sentences where the defendants were on probation while serving a suspended or deferred sentence, relying on our holding in Crist, supra.

Based on Crist and the unpublished cases, we granted post-conviction relief to Knutson and ordered her release from a custodial institution. At the time of revocation of her deferred sentence on April 26, 1982, she had accumulated sufficient good time credit on probation that her deferred sentence would have been fully served. The state agreed that she was entitled to release under our decisions. She was released on January 24, 1983.

Knutson filed this suit in the District Court against the state, claiming that her imprisonment from May 5, 1982 to January 24, 1983 was illegal. Her amended complaint alleges that the District Court acted as the agent of the state in revoking her deferred sentence.

There is a dispositive statute which controls this suit. In section 2-9-112, MCA, it is provided:

> "Immunity from suit for judicial acts and omissions.
> (1) The state and other governmental units are immune from suit for acts or omissions of the judiciary.. . ."

The sentence imposed upon Knutson for her violation of parole was a judicial act. Article II, § 18, 1972 Mont. Const., provides that the state shall have no immunity from suit for injury to person or property unless specifically provided by a law passed by a two thirds vote of each house of the legislature. Section 2-9-112, MCA, provides such an immunity.

In granting summary judgment the District Court held that our decisions, especially that in Gray, supra, had prospective application only, and did not apply to Knutson's deferred sentence entered earlier on September 10, 1979; and that therefore the petition to revoke her deferred sentence status was timely filed within the three-year period of the deferred sentence. In effect the District Court found that it had had jurisdiction to revoke Knutson's sentence, although our decision in releasing Knutson would indicate otherwise.

There is no need for semantics in this case, however. The immunity statute applies to judicial acts with no stated limitation. It applies to protect the state and governmental agencies whenever the judicial power of the state is put to use in a judicial action. Although the reason given by the District Court in granting summary judgment was incorrect, its result can be sustained under the wrong-reason, right-result appellate rule. Fergus County v. Osweiler (1938), 107 Mont. 466, 86 P.2d 410.

Knutson argues on appeal that the immunity statute does not apply here because the Department of Institutions breached its duty to determine the good time to which she was entitled and to notify the District Court accordingly. She contends that the District Court in this case acted only as the vehicle through which the harm caused by the Department of Institutions affected her. That argument is a substantial change of theory from her earlier complaint in this case, yet it avails Knutson nothing. Sentences are pronounced by courts, not by the Department of Institutions. Knutson's sentencing was the result of a judicial act. Further, the

- 4 -

immunity statute protects any governmental agency involved in the judicial act of sentencing.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices