No. 89-041

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

CITY OF GREAT FALLS, MONTANA,

        Plaintiff & Respondent

    -vs-

ALICE PRICE,

        Defendant & Appellant

*********************************

ALICE PRICE,

        Cross/Plaintiff & Appellant

    -vs-

CITY OF GREAT FALLS, MT, a municipal corporation;
RICHARD D. STEVENS; JOHN DOE AUSTIN; WILLIAM B.
REID; AUSTIN-REID DEMOLITION, a business association,

        Cross/Defendants & Respondent

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        La Rue Smith, Great Falls, MT

    For Respondent:

        J. David Slovak, City Attorney, Great Falls, MT
        Mark J. Higgins, Ugrin, Alexander, Zadick and Slovak;
        Great Falls, MT

---

Submitted on Briefs: June 1, 1989

Decided: July 6, 1989

Filed:

_Signature_

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Alice Price appeals from an order of the District Court for the Eighth Judicial District, Cascade County, dismissing with prejudice her cause of action against the City of Great Falls and Richard D. Stevens, hereinafter referred to as "defendants." We affirm.

Ms. Price raises seven issues for our review, none of which directly address the propriety of the District Court's dismissal of this action. We therefore restate the issue on appeal as whether the District Court properly granted defendants' motion to dismiss pursuant to Rule 12(b), M.R.Civ.P. on the basis that defendants were immune from suit? Since we conclude that dismissal was proper, we will not discuss the remaining issues raised by Ms. Price.

On October 30, 1987, Alice Price was cited for violation of Great Falls City Ordinance 8.48.080 for knowingly and purposely allowing waste paper, clothing, boxes, discarded furniture, appliances, and other rubbish to accumulate on her property. The notice to appear and complaint was signed by Richard D. Stevens, a Zoning Technician for the City of Great Falls, who is a named defendant in this action.

At a non-jury trial in City Court, Ms. Price was found guilty of creating a nuisance on her property at 620 6th Avenue South. The court ordered Ms. Price to completely abate the nuisance within seven days, and further ordered that if the nuisance was not completely abated by March 2, 1988, the City of Great Falls shall do so and charge the cost of the procedure to Ms. Price. When she did not clean up her property by the ordered date, Richard Stevens, pursuant to the court's order, contracted out the clean-up project and billed Ms. Price for the cost, which was $495.

Ms. Price appealed her conviction to the District Court, and in subsequent pleadings, sought compensatory damages for personal property which was allegedly wrongfully removed, and for mental distress and suffering, as well as punitive damages and attorney fees. These damages were asserted against defendants Richard Stevens and the City of Great Falls, as well as the two individuals hired to complete the clean-up of Ms. Price's property. The City of Great Falls and Richard Stevens filed a motion to dismiss Ms. Price's claims for relief pursuant to Rule 12, M.R.Civ.P., based on procedural errors, including the transformation of a criminal matter to a civil action under a rule providing for appeals of civil cases to district court. Defendants also argued that they were immune from suit. The District Court granted defendants' motion, concluding that both the City of Great Falls and Richard Stevens were immune from suit for damages under the facts of this case. It is from this order that Ms. Price appeals.

The actions complained of in this case relate to Richard Stevens' activities in carrying out, on behalf of the City of Great Falls, the sentence legally imposed by the City Court Judge. The District Court determined that in so doing, Mr. Stevens was immune from suit under § 2-9-112, MCA, as interpreted in Knutson v. State (1984), 211 Mont. 126, 683 P.2d 488. Section 2-9-112, MCA, provides:

> Immunity from suit for judicial acts and omissions.
> (1) The state and other governmental units are immune from suit for acts or omissions of the judiciary.
>
> . . .

In regard to that section this Court first stated:

3

. . . The immunity statute applies to judicial acts with no stated limitation. It applies to protect the state and governmental agencies whenever the judicial power of the state is put to use in a judicial action. . . .

683 P.2d at 490.

In that case Ms. Knutson argued that the immunity statute did not apply to the Department of Institutions which she contended had miscomputed the good time allowance. The Court concluded that the Department of Institutions was protected under the immunity section, stating:

> . . . Sentences are pronounced by courts, not by the Department of Institutions. Knutson's sentencing was the result of a judicial act. Further, the immunity statute protects any governmental agency involved in the judicial act of sentencing. (Emphasis supplied.)

683 P.2d at 490.

The issue in the present case is whether or not the City as well as Mr. Stevens are protected by the immunity statute. Under the analysis of Knutson, we conclude that they are. In carrying out the express provisions of the sentence, Mr. Stevens was directly involved in an act of the judiciary and is therefore afforded immunity. Since he was acting as an agent of his employer, the immunity statute also protects the City of Great Falls. We hold that § 2-9-112, MCA, provided immunity for both the defendants City of Great Falls and its agent, Richard Stevens.

We affirm the order of the District Court dismissing the plaintiff's case with prejudice.

Justice

We Concur:

4

_____
Chief Justice

_____

_____

_____
Justices

5