No. 89-459

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

MONTANA DEACONESS MEDICAL CENTER,
a nonprofit corporation,

Plaintiff and Respondent,

-vs-

EDDIE DOHERTY AND LOLA DOHERTY,
husband and wife,

Defendants and Appellants.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Elizabeth A. Best; Best Law Offices, Great Falls,
Montana

For Respondent:

Sharon Anderson, Staff Attorney, Montana Deaconess,
Great Falls, Montana

Submitted on Briefs: Dec. 1, 1989

Decided: February 8, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Eddie and Lola Doherty appeal from an order of the District Court of the Eighth Judicial District, Cascade County, denying their motion to amend the court's findings of fact, conclusions of law and order. We affirm.

Appellants received extensive medical treatment from respondent Montana Deaconess Medical Center during 1986. Appellants refused to pay in full the $8,325.99 balance remaining on their bill and respondent filed suit. Following negotiations between the parties' attorneys, appellants executed a confession of judgment on October 29, 1986, acknowledging their indebtedness to respondent in the amount of $8,325.99. The parties further stipulated to a payment schedule and a periodic review of appellants' financial status by respondent.

Appellants substantially complied with their payment obligations. In February of 1989, respondent, pursuant to an analysis of appellants' most recent financial statement showing a material change in available income, requested that appellants increase the amount of their payments to $200 per month. When appellants denied this request, respondent obtained a writ of execution and recovered $643 from appellants' checking account in March of 1989.

Appellants filed a petition to vacate judgment or stay further execution on April 3, 1989. Appellants alleged in their petition that appellant Eddie Doherty was under the influence of mind

altering drugs when he signed the confession of judgment. Furthermore, appellants claimed respondent's unjustifiable execution on their checking account coupled with the threat of further execution caused serious detriment to Eddie Doherty's health.

Following hearing on June 5, 1989, the District Court issued the following findings of fact, conclusions of law and order:

### Findings of Fact

As appears from the record and the testimony in this case, [appellants] signed a confession of judgment dated October 29, 1987, which was filed with this court on November 2, 1987. A stipulation setting forth payment arrangements, signed by attorneys for [respondent] and [appellants] was filed simultaneously. [Respondent] and [appellants] were represented and advised by counsel at all times relevant.

[Appellants] did not comply with the terms of paragraph 4 of the Stipulation, in that they failed to submit the complete and accurate financial information to [respondent] every six months and they failed to make the increased payment required due to a material change in [appellants'] net income as evidenced by the financial statement submitted February 1989. As a result of the [appellants'] failure to comply with the terms of paragraph 4, [respondent] caused a writ of execution to issue in accordance with paragraph 6 of the Stipulation. The sheriff levied on $643.00 from [appellants'] bank account.

### Conclusions of Law

1. [Respondent] obtained judgment in the amount of $8,325.99 plus interest and costs against [appellants] pursuant to the confession of judgment filed November 2, 1987.

2. [Appellants] are not entitled to relief from judgment pursuant to Rule

60(b)(1), 60(b)(2) or 60(b)(3) M.R.Civ.P. as more than sixty days had passed between the entry of judgment and the filing of the petition.

3. [Appellants] are not entitled to relief from judgment pursuant to Rule 60(b)(4), 60(b)(5) or 60(b)(6) as the evidence presented is insufficient to support relief for any of those reasons.

4. [Appellants'] motion (petition) was not made within a reasonable time as it was filed more than seventeen months after the entry of judgment.

5. The confession of judgment operates as res judicata in this case and is conclusive as to all claims which were in existence related to the subject matter of this case.

### Order

It is hereby ordered, adjudged and decreed that [appellants'] Petition to Vacate Judgement (sic) or Stay Further Execution is denied. The judgment entered in this matter may be enforced.

Appellants appeal from the District Court's denial of their motion to amend the above findings, conclusions and order denying their petition to vacate the judgment against them. We affirm.

Rule 52(b), M.R.Civ.P., permits district courts, upon motion of either party, to amend findings of fact and modify judgments accordingly. Nonetheless, on appeal, we will assume as correct the findings of the District Court if such are buttressed by substantial evidence. Meridian Minerals Co. v. Nicor Minerals, Inc. (1987), 228 Mont. 274, 283, 742 P.2d 456, 461. The transcript of the instant proceedings reveals that appellants were the only witnesses. Upon reviewing the record, we conclude that substantial credible evidence supports the findings of the District Court.

4

We likewise affirm the lower court's conclusions of law. The District Court concluded that appellants were not entitled to relief from their confession of judgment under any of the grounds set forth in Rule 60(b), M.R.Civ.P. Rule 60(b) requires that parties move for relief within 60 days from entry of judgment if, as in this case, the basis of their claim is mistake, inadvertence, surprise, excusable neglect or fraud. Once the 60 day period has passed and absent a reasonable delay, district courts may properly deny amendment. In re the Marriage of Waters (1986), 223 Mont. 183, 187, 724 P.2d 726, 729. Appellants filed their petition to vacate on April 3, 1989, one year, five months and one day after respondent filed their confession of judgment. Appellants offer no good reason for their delay. We affirm the District Court's denial of appellants' motion to amend its order denying their petition to vacate the judgment against them.

Counsel for appellants interjects numerous collateral issues in her brief. The dispositive issue on appeal is the propriety of the District Court's refusal to vacate the judgment confessed by appellants and entered by respondent. We may on appeal review only those issues decided by the District Court, and, absent an abuse of discretion, we will not reverse its ruling. Wyman v. DuBray Land Realty (Mont. 1988), 752 P.2d 196, 200, 45 St.Rep. 621, 625.

Counsel for appellants should further note that this Court may review the entire district court record on appeal. Having done so in the instant case, we find no evidence of fraud, collusion, misrepresentation or deceit on the part of counsel for respondent

in any proceeding before this Court or the court below. Allegations of this nature are quite serious and should not be made lightly. Certainly such accusations are no substitute for substantive legal arguments. The District Court properly denied appellants' motion for sanctions against counsel for respondent.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices