JUSTICE WEBER,
dissenting:
The judicial immunity statute, § 2-9-112, MCA, in pertinent part states:
“2-9-112. Immunity from suit for judicial acts and omissions. (1) The state and other governmental units are immune from suit for acts or omissions of the judiciary.
“(2) A member, officer, or agent of the judiciary is immune from suit for damages arising from his lawful discharge of an official duty associated with judicial actions of the court.
The majority opinion is primarily devoted to a discussion of the immunity of Warden Risley (Risley) of Montana State Prison and Probation Officer Bennett (Bennett). The majority concludes that Risley was an agent of the court in accepting Brunsvold into Montana *509 State Prison because he acted in direct obedience to and discharge of the court’s sentencing order. As a result the majority concluded that he was an agent of the judiciary under the above statute and to that extent, concluded that Risley was immune. I agree with that conclusion.
Next the majority distinguished Bennett’s relationship to the court from that of Risley. The majority stated that Bennett performed an administrative or ministerial task in calculating Brunsvold’s good time credits; that he did not do so at the direction of the court which ordered Brunsvold’s incarceration, but as a routine part of his daily job requirements. The majority then reached the conclusion that Bennett was not so intimately associated with a judicial act as to be an “agent” of the judiciary, as statutorily defined. He therefore was found not entitled to judicial immunity. I disagree with that conclusion.
While it is true that probation and parole officers are a part of the executive branch of government, it is essential to keep in mind the statutory relationship established between parole and probation officers and the court system. As an example, under § 46-23-1011, MCA, in the event that a district court desires to change a condition of probation, it is required to give notice to the probation and parole officer so that he shall be given an opportunity to present his ideas and recommendations. Section 46-23-1012, MCA, gives the parole and probation officer the power to arrest a person on parole or probation without a warrant. Section 46-23-1013, MCA, sets the procedure to be followed after an arrest. In pertinent part, § 46-23-1013, MCA, provides:
“(1) Upon such arrest and detention, the probation and parole officer shall immediately notify the court with jurisdiction over such prisoner and shall submit in -writing a report showing in what manner the defendant has violated the conditions of release. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged.
“(2) If the violation is established, the court may continue to revoke the probation or suspension of sentence and may require him to serve the sentence imposed or any lesser sentence and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.
*510 The above-cited code sections are included in Part 10 — Supervision of Probationers and Parolees. Note that the statutory requirement for the parole and probation officer is that when he finds a violation of probation or parole, he is required to immediately notify the court and show in what manner that person has violated the conditions of release. That is the foundation for the subsequent hearing by the court and its determination whether revocation should be granted. That procedure was followed in the present case.
Bennett prepared a Report of Violation dated June 2,1982, on the printed form provided by the Department of Institutions. The form included the following heading and salutation:
State of Montana
DEPARTMENT OF INSTITUTIONS
Corrections Division
Bureau of Probation and Parole
REPORT OF VIOLATION
To: Seventh Judicial District Court
Sidney, Montana
Date: June 2, 1982
Name: BRUNSVOLD, Milton Dean
No. Docket #1249-C,
DOMA013 490
The foregoing report of probation set forth the details of the original sentencing, the reports of violations, and the factual determinations by Bennett. It is that Report of Violation which contains the erroneous calculation which affords the basis for the suit against Bennett. That report stated as follows:
“It should be noted, however, that Mr. John O’Hern, Probation and Parole Agent in Missoula, Montana, is now deceased and in reference to the recent Miller /Blackerby rulings, which requires good time be given while on a suspended sentence, this officer has computed this subject’s discharge date as at approximately July 25, 1982.
“In any event, it is this officer’s opinion that this subject has disregarded the conditions imposed by the Court and should be located and returned to the Court of Jurisdiction for a hearing on this *511 matter and the two (2) year suspended sentence be revoked.” (Emphasis added.)
Clearly Bennett was following the statutory requirements which apply to his job as a parole and probation officer. Applying the test used with Warden Risley, it appears that he clearly was discharging an official duty associated with judicial actions of the court, as the sole purpose for the Report of Violation is summed up in the last quoted paragraph where he expresses the opinion that defendant had disregarded the court-imposed conditions and should be returned to the court for revocation of his two-year sentence. The action of Bennett is more closely related to the District Court than was true of Warden Risley. The only purpose for the Report of Violation was to express an opinion which would result in court action. In contrast, all Risley did was to place the defendant in prison, and all actions subsequent to that were under his own administrative control and required no reporting to the District Court. I conclude that the actions of Parole and Probation Officer Bennett in submitting the Report of Violation were clearly actions of an agent of the judiciary discharging an official duty associated with judicial actions of the court and as a result that Bennett was immune under § 2-9-112, MCA.
In addition, the facts of this case bring it within the holding of this Court in Knutson v. State of Montana (1984), 211 Mont. 126, 683 P.2d 488, where this Court stated:
“There is no need for semantics in this case, however. The immunity statute applies to judicial acts with no stated limitation. It applies to protect the state and governmental agencies whenever the judicial power of the state is put to use in a judicial action ....
“Knutson argues on appeal that the immunity statute does not apply here because the Department of Institutions breached its duty to determine the good time to which he was entitled and to notify the District Court accordingly. She contends that the District Court in this case acted only as a vehicle through which the harm caused by the Department of Institutions affected her. That argument is a substantial change in theory from her earlier complaint in this case, yet it avails Knutson nothing. Sentences are pronounced by courts, not by the Department of Institutions. Knutson’s sentencing was the result of a judicial act. Further, the immunity statute protects any governmental agency involved in the judicial act of sentencing.” (Emphasis added.) (Citations omitted.)
Knutson held that a computation of good time by the Department of Institutions was included as a part of the judicial act of sentencing. *512 The Court points out that sentences are pronounced by courts and not by the Department of Institutions — that is of course applicable here because the sentence ultimately determined was not pronounced by Bennett but by the district judge. Knutson further emphasizes that “the immunity statute protects any governmental agency involved in the judicial act of sentencing.” The holding of Knutson applies here.
I dissent from the majority conclusion that the actions of Bennett were not entitled to judicial immunity under § 2-9-112, MCA.
JUSTICE HARRISON concurs in the foregoing dissent.