No. 92-345

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

EUGENE BRUE,

       Plaintiff and Appellant,

-vs-

STATE OF MONTANA and
PARK COUNTY, MONTANA,

       Defendants and Respondents.

FILED

1 8 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
                  In and for the County of Lewis and Clark,
                  The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Eugene Brue, Pro Se, Livingston, Montana

        For Respondents:

        Betsy Brandborg, Special Assistant Attorney
        General, Risk Management and Tort Defense Division
        Helena, Montana

Submitted on Briefs:   March 25, 1993

Decided:   May 18, 1993

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the First Judicial District, the Honorable Jeffrey Sherlock presiding. In an action originally heard by the Honorable Byron Robb in Park County, the appellant Eugene Brue (Brue) lost and filed an action against the State of Montana and Park County alleging that their employees had violated Brue's civil rights, and that Judge Robb had violated his oath of office; obstructed justice; committed conspiracy, collusion, deceit and malfeasance of office; and violated several rules of statutory construction. This action was dismissed by Judge Sherlock on the basis of judicial immunity. We affirm the judgment of the District Court.

Since the filing of the briefs in this appeal, Brue has filed with this Court the following documents: a "Petition for Emergency Restraining Order" on March 24, 1993; and on April 7, 1993, a "Notice of Exception" and a "Supplement to Petition for Writ of Review." These matters were dismissed by separate order on April 20, 1993.

Brue, a pro se litigant, was prosecuted in Park County before Judge Robb for violation of Park County zoning ordinances. Judge Robb found Brue guilty of the violations and permanently enjoined him from continuing to violate the ordinances. Brue failed to appeal the injunction order issued by Judge Robb, the appropriate remedy, and instead sued the State, filing an action in the First

2

Judicial District before Judge Sherlock who ultimately dismissed the action.

The complaint dismissed by Judge Sherlock challenged the constitutionality of both legislative and judicial immunity. It claimed that Brue was denied his right to a jury trial and alleged violations of the rules of statutory construction in §§ 1-2-101, -103, and -104, MCA. By order dated May 6, 1992, Judge Sherlock granted the State's Rule 12(b)(6), M.R.Civ.P., motion, dismissing Brue's complaint against Judge Robb on the basis of judicial immunity.

The issue before this Court is whether Judge Sherlock's order of May 6, 1992, dismissing Brue's complaint with prejudice was proper. The new issues, such as the petitioner's claim that his property was taken without compensation, are not properly before this Court for consideration. This Court will not consider issues or theories of a case raised for the first time on appeal. Weaver v. Law Firm of Graybill, Ostrem, Warner & Crotty (1990), 246 Mont. 175, 803 P.2d 1089; Montana Deaconess Medical Center v. Doherty (1990), 241 Mont. 243, 786 P.2d 669.

In addition, we find, that Brue failed to request certification of the District Court's judgment as final, as Rule 54(b), M.R.Civ.P., requires. See Roy v. Neibauer (1980), 188 Mont. 81, 610 P.2d 1185. We realize that Brue is appearing pro se; in the interest of judicial economy, we address the substance of his claims.

As the State noted in its brief, it is well settled under

3

federal common law that a judge is entitled to absolute immunity from a suit for money damages when acting within the scope of his or her official judicial capacity. Only if the judge's actions are outside his or her official capacity may the judge be liable for resulting damages. Mireles v. Waco (1991), ____ U.S. ___, 112 S.Ct. 286, 116 L.Ed.2d 9. The United State Supreme Court has held that a judge's shield of immunity remains intact even if he or she acted in error, with malice, or in excess of authority. Stump v. Sparkman (1978), 435 U.S. 349, 356, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331, 339.

Brue's complaint against Judge Robb arose from the order he issued on January 29, 1992, enjoining Brue from using his property as a junk yard. As the issuance of the injunction was a "lawful discharge of an official duty associated with judicial actions of the court," Judge Robb has absolute immunity. Section 2-9-112(2), MCA, states: "A member, officer, or agent of the judiciary is immune from suit for damages arising from his lawful discharge of an official duty associated with judicial actions of the court." See Great Falls v. Price (1989), 238 Mont. 99, 775 P.2d 1260; Knutson v. State (1984), 211 Mont. 126, 683 P.2d 488.

As for Brue's claim that Judge Robb violated his oath of office, obstructed justice, and committed conspiracy, collusion, deceit and malfeasance of office, such bald allegations of untruth are unsupported by the record. Nor is there support for Brue's claim that his civil rights were violated. Further, there is no right under the United States Constitution or the Montana

4

Constitution to a jury trial for an action in equity.

To date Brue has filed numerous documents in this appeal. Of the matters raised in those documents the only issue warranting this Court's attention is his challenge to the First Judicial District Court's dismissal of the complaint. Other matters assigned by Brue are not properly before the Court.

The State requests that we consider an award of sanctions to demonstrate that this Court will not tolerate the abuse recorded here. We conclude that with the signing of the original pleading, without even taking into consideration the other numerous documents he has filed in this one appeal alone, Brue clearly is in violation of Rule 11, M.R.Civ.P. However, after careful consideration of his pro se status and his litigation history in federal as well as state court, we conclude that a non-monetary sanction, in the form of a very stern warning, is appropriate.

Brue is hereby warned that before initiating any further actions in this Court or a district court of this state, he must pay close attention to the pleading requirements of Rule 11, M.R.Civ.P. If any further action is commenced in state courts arising out of this same set of operative facts and based on the same or similar legal theories, Brue shall be subject to monetary sanctions as well as possible limits upon the filing of future lawsuits.

The judgment of the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

5

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

May 18, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

EUGENE BRUE
RTE 85, Box 4054
Livingston, MT 59047

DEE ANN G. COONEY
Counsel for Park County
UTICK & GROSFIELD
P.O. Box 512
Helena, MT 59624-0512

BETSY BRANDBORG
Special Assistant Attorney General
Risk Management and Tort Defense Division
Rm. 111, Mitchell Building
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy