No. 94-616

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


CAROL LEWIS,

      Plaintiff and Appellant,

   v.

ALCOHOL AND DRUG SERVICES OF
CENTRAL MONTANA, A MONTANA
CORPORATION, ITS AGENTS AND
EMPLOYEES, AND GREGORY WONNACOTT,

      Defendants and Respondents.

FILED

SEP 07 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Sarah Arnott Ozment, Attorney at Law, Livingston,
          Montana

          Suzanne Nellen, Attorney at Law, Bozeman, Montana

      For Respondents:

          James L. Stogsdill, Attorney at Law, Lewistown,
          Montana

          Mark Higgins; Ugrin, Alexander, Zadick & Higgins,
          Great Falls, Montana


               Submitted on Briefs:   June 29, 1995

                       Decided:   September 7, 1995

Filed:

_____
                    Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Carol Lewis (Lewis) appeals from the final judgment entered by the Tenth Judicial District Court, Fergus County, on its order granting the motion for summary judgment of Gregory Wonnacott and Alcohol and Drug Services of Central Montana and denying her cross-motion. We affirm.

We restate the dispositive issues on appeal as follows:

1. Did the District Court err in granting summary judgment to Gregory Wonnacott on the basis of qualified immunity from monetary damages?

2. Did the District Court err in addressing the issue of whether Lewis' claims against Alcohol and Drug Services of Central Montana also were barred?

3. Did the District Court err in granting summary judgment on Lewis' claims for injunctive and declaratory relief?

Carol Lewis was arrested for driving under the influence of alcohol in August of 1986; she pled guilty to the offense in the City Court of Lewistown, Montana. City Judge Robert Brassey fined Lewis $300 and sentenced her to 60 days in jail, with 59 days suspended on condition that Lewis follow the recommendations of an Alcohol and Drug Services of Central Montana (Alcohol Services) counselor with regard to alcohol treatment.

Lewis' counselor at Alcohol Services was Gregory Wonnacott (Wonnacott). He originally recommended inpatient treatment for Lewis but, at her urging, allowed her to try outpatient treatment. When the outpatient treatment proved unsuccessful, Lewis agreed to attend an inpatient treatment program at Hilltop Recovery (Hilltop)

2

in Havre, Montana. She left the 28-day program after 7 days.

As a result of Lewis' failure to complete the program, Wonnacott wrote a letter to City Judge Brassey on October 24, 1986. He indicated that Lewis had not met the condition of her suspended sentence requiring her to complete the course of treatment recommended by Alcohol Services. He advised that, on that basis, he was "referring this case back to your court with the recommendation that Ms. Lewis suffer the natural consequences of her actions and be made to serve part or all of the remaining 59 days of suspended jail time." The City Court issued an order to show cause why Lewis' suspended sentence should not be revoked and scheduled a hearing.

Shortly thereafter, Lewis filed the present action against Wonnacott and Alcohol Services seeking declaratory, injunctive and monetary relief. The apparent thrust of her multi-count complaint was that she was being required to involuntarily undergo alcohol treatment, under the potential penalty of serving jail time, without the procedural protections of the statutory involuntary alcohol commitment procedures. Lewis also argued that Wonnacott's recommendation regarding revocation of her suspended sentence violated her statutory and constitutional rights. She prayed for a declaration that § 61-8-714(4), MCA, is unconstitutional on its face and as applied under a variety of theories, including due process, equal protection and cruel and unusual punishment; for an injunction preventing Alcohol Services from recommending jail time for her failure to voluntarily attend inpatient alcohol treatment;

3

for damages under 42 U.S.C. § 1983; for punitive damages; and for costs and attorney fees pursuant to 42 U.S.C. § 1988. Proceedings in the underlying City Court action were stayed on stipulation of the parties, pending resolution of this case. As a result, the City Court has taken no action regarding the revocation of Lewis' suspended sentence.

The parties filed cross-motions for summary judgment. The thrust of the Wonnacott and Alcohol Services motion was that they were immune as to Lewis' state law and federal civil rights claims. The thrust of Lewis' motion was that her procedural due process rights were violated by the defendants' actions and that any immunity to which they might be entitled would extend to monetary damages only. Lewis abandoned many of the claims asserted in her second amended complaint.

The District Court subsequently entered findings of fact, conclusions of law and an order granting the defendants' motion for summary judgment, denying Lewis' cross-motion for summary judgment, and dismissing Lewis' claims for monetary, injunctive and declaratory relief with prejudice. Judgment was entered on the order. Lewis appeals.

### Standard of Review

Our review of an order granting or denying a motion for summary judgment is de novo and we utilize the same criteria as the district court. Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331-32. Summary judgment is proper only when no genuine issue of material fact exists and the moving party

4

is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Spain-Morrow, 872 P.2d at 331-32.

Here, the District Court granted summary judgment to Wonnacott on the basis of qualified immunity. The availability of immunity is a question of law. Mitchell v. Forsythe (1985), 472 U.S. 511, 528, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411, 426. Thus, we review the court's conclusion that Wonnacott is entitled to qualified immunity to determine whether it is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

1. Did the District Court err in granting summary judgment to Wonnacott on the basis of qualified immunity from monetary damages?

As noted above, Lewis abandoned many of her claims prior to the District Court's determination of the parties' motions for summary judgment. Her remaining claims are based on 42 U.S.C. § 1983, which provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Lewis argues that, by failing to utilize Montana's statutory involuntary alcohol commitment procedures prior to notifying the court of her failure to complete the Hilltop program, Wonnacott infringed on her liberty interest and violated her Fourteenth Amendment due process rights. The District Court determined that Wonnacott was entitled to qualified immunity from Lewis' § 1983

5

claims for monetary damages.

We recently have addressed the issue of an official's entitlement to qualified immunity from an action alleging a violation of a plaintiff's civil rights under 42 U.S.C. § 1983. In Sacco v. High Country Independent Press (Mont. 1995), 896 P.2d 411, 415, 52 St.Rep. 407, 415, we applied the two-part test promulgated by the United States Supreme Court in Harlow v. Fitzgerald (1982), 457 U.S. 800, 102 S.Ct 2727, 73 L.Ed.2d 396. Under that test, government officials performing discretionary functions are shielded from liability for civil damages only where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have knowledge. Sacco, 896 P.2d at 415. We also determined that the "reasonable person" part of the test must be analyzed under the "objective reasonableness" standard set forth in Malley v. Briggs (1986), 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271. Sacco, 896 P.2d at 415. We will apply the Harlow test to the case presently before us.

First, we determine whether Wonnacott's actions violated one of Lewis' clearly established rights. If not, our inquiry is over because the first part of the Harlow test is not satisfied. If so, we determine whether a reasonable person in Wonnacott's position would have known that his conduct violated that right.

It is clear that Wonnacott's notification to the court of Lewis' failure to complete the Hilltop program violates no statute. Section 53-24-302, MCA, upon which much of Lewis' argument is premised, sets forth the procedures by which the State of Montana

6

may seek to involuntarily commit an alcoholic. Application of the statute is confined, by its terms, to the involuntary commitment process. Thus, the statute is inapplicable to the situation before us which involves the potential revocation of a suspended sentence on the basis that the convicted defendant failed to meet one of the conditions of her suspended sentence. Moreover, Wonnacott's notification complied with the specific mandate of § 61-8-714(4), MCA, that he notify the court of Lewis' failure to complete the recommended, and agreed upon, program.

Wonnacott's notification still could satisfy the first part of the Harlow test, however, if it violated Lewis' Fourteenth Amendment due process rights. In this regard, Lewis asserts, and we agree, that we must first determine whether due process is necessary and, if so, the nature of the process that is due. Nor do we disagree with Lewis' contention that risk of jail time and/or involuntary inpatient alcohol or rehabilitation treatment triggers a liberty interest to which due process applies. See Wolff v. McDonnell (1974), 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935; Dow v. Circuit Court of the First Circuit (9th Cir. 1993), 995 F.2d 922. There is no question but that process is due Lewis. The questions are what process is due and when must it be provided.

Lewis argues that, under Dow, she is entitled to due process prior to being involuntarily committed. Again, we do not disagree with the correctness of the stated legal principle; we do disagree with its applicability here. If the State of Montana were seeking to involuntarily commit Lewis as an alcoholic, she would be

7

entitled to the process and procedural safeguards contained in §
53-24-302, MCA. However, neither the State of Montana nor any
individual is seeking Lewis' involuntary commitment pursuant to
that statute. This case involves a suspended sentence under a DUI
conviction and a potential revocation of that suspended sentence.
Thus, we reject Lewis' argument that due process required Wonnacott
to utilize the § 53-24-302, MCA, procedures prior to notifying the
court of her failure to complete the Hilltop program. We conclude
that § 53-24-302, MCA, is inapplicable here.

The process due Lewis is contained in the statute governing
the revocation of a suspended sentence. That statute requires,
among other things, that a defendant be given the opportunity to
appear, present evidence and question adverse witnesses. Section
46-18-203(4), MCA. As a general rule, a hearing is necessary prior
to **any** revocation, and the prosecution must prove by a
preponderance of the evidence that a term or condition of the
suspended sentence has been violated. Section 46-18-203(5) and
(6), MCA. The court may revoke the suspended sentence only if it
finds, based on a preponderance of the evidence, that the defendant
has violated a term or condition of that suspended sentence.
Section 46-18-203(7), MCA. Here, Lewis' commencement of the
present case has delayed--for nearly a decade--further proceedings
on the possible revocation of her suspended sentence. Thus, the
process due her has neither become applicable nor been infringed.

Lewis relies on Zinermon v. Burch (1990), 494 U.S. 113, 110
S.Ct. 975, 108 L.Ed.2d 100, in support of her contention that her

8

due process rights are being violated by Wonnacott's actions and the procedures being utilized in this case. <u>Zinermon</u> does not support her contention.

In <u>Zinermon</u>, an actual deprivation of liberty had occurred, in the context of an involuntary commitment of a mentally ill person, without the predeprivation due process which the Supreme Court held could, and should, have been provided. <u>Zinermon</u>, 110 S.Ct. at 990. Here, no deprivation or infringement of a liberty interest of Lewis' has occurred. Moreover, as noted above, no effort is being undertaken to involuntarily commit Lewis to alcohol treatment; this case involves only an alleged violation of a condition of a suspended sentence with which Lewis agreed to comply. The statutory procedural requirements applicable to the involuntary commitment of alcoholics are not applicable, either directly or indirectly, and the procedural safeguards to which Lewis is entitled during the revocation proceedings have not yet come into play.

Lewis also asserts that Wonnacott's recommendation to the court that her suspended sentence be revoked violates her rights in some fashion. We disagree. While no statute specifically authorizes Wonnacott to make a sentencing recommendation, no statute specifically prohibits such a recommendation. Thus, the recommendation does not violate Lewis' statutory rights. Nor do we see how Wonnacott's mere recommendation that the court require Lewis to serve all or part of the suspended 59 days' jail time can constitute a violation of Lewis' right to due process. Only the

9

court itself can act on Lewis' alleged violation of a condition of her suspended sentence, because the court is the only entity which is authorized to sentence a criminal defendant or revoke a suspended sentence. See §§ 46-18-201 and 46-18-203, MCA. Thus, while the better practice may be to refrain from doing so, making a recommendation does not rise to a constitutional violation.

We conclude that neither Wonnacott's notification nor his recommendation violated any of Lewis' clearly established statutory or constitutional rights and, thus, that the first part of the Harlow test has not been satisfied; as a result, we need not analyze the second part. We hold that the District Court did not err in concluding that Wonnacott was entitled to qualified immunity against Lewis' § 1983 claim for monetary damages and in granting summary judgment to Wonnacott on that basis.

> 2. Did the District Court err in addressing the issue of whether Lewis' claims against Alcohol Services also were barred?

In granting Wonnacott and Alcohol Services' motion for summary judgment, the District Court determined that, because the claims against Alcohol Services were wholly derivative of those against Wonnacott, Alcohol Services also was entitled to immunity from Lewis' § 1983 claims. The court relied on City of Great Falls v. Price (1989), 238 Mont. 99, 775 P.2d 1260. While Lewis does not challenge the court's legal analysis, she asserts error in this regard on the basis that the "issue was not raised in summary judgment." We disagree.

Lewis filed her original complaint in this action on December

10

4, 1986. In it, she asserted claims against Alcohol Services and against Wonnacott in both his individual capacity and his capacity as director of Alcohol Services. Most of the allegations in the complaint referenced "defendants" without specifying either or both of them. Her references to Alcohol Services' "actions" make it clear that she was attributing Wonnacott's actions to Alcohol Services because of his employment position there; the only "actions" of Alcohol Services which are at issue here are those taken by Wonnacott. The allegations in Lewis' first amended complaint, filed March 11, 1987, do not differ in these regards. The same is substantially true concerning the allegations in Lewis' second amended complaint, filed March 31, 1987.

On October 22, 1990, Wonnacott and Alcohol Services filed a joint motion for summary judgment. The primary thrust of the motion and supporting brief was that Wonnacott and Alcohol Services, "his employer at the time," were immune from suit. Indeed, the defendants argued affirmatively that "[u]nder the discussion set forth above, and the clear mandate of the United States Supreme Court, Gregory Wonnacott and Alcohol and Drug Services of Central Montana, whose liability is simply derivative, are entitled to qualified immunity . . . ."

On the basis of the pleadings of record, we conclude that the issue was raised during the summary judgment proceedings. Therefore, we hold that the District Court did not err in addressing the issue.

3. Did the District Court err in granting summary judgment on Lewis' claims for injunctive and declaratory relief?

Lewis makes a passing argument that, even if the defendants were entitled to qualified immunity, that immunity would extend to monetary damages only. On this basis, she seems to assert that the District Court erred in granting summary judgment on immunity grounds with regard to her claims for injunctive and declaratory relief.

The fundamental problem with Lewis' argument is that the District Court did not grant summary judgment regarding her claims for injunctive and declaratory relief on the basis of qualified immunity. Rather, the court determined that no genuine issue of material fact existed concerning the viability of those claims because Lewis did not sustain her burden of establishing the unconstitutionality of § 61-8-714(4), MCA.

A party asserting error by a district court must present argument, buttressed by citation to legal authorities. Rule 23, M.R.App.P. Here, Lewis asserts error concerning a determination never made by the District Court. We cannot conclude, on the basis of any arguments or authorities presented by Lewis, that the District Court erred in granting summary judgment on Lewis' claims for injunctive and declaratory relief.

Affirmed.

Pursuant to Section I, Paragraph 3 (c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

12

with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices