MR. CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
June Mead appeals from an order of the Eighth Judicial District Court, Cascade County, granting defendants’ motions to dismiss Mead’s wrongful discharge suit.
We affirm.
June Mead raises two issues for our review:
1. Is a District Court judge immune, under Section 2-9-112(2), MCA, from suit for the summary discharge of his predecessor’s personal secretary?
2. Are the county and county commissioners immune, under Section 2-9-112(1), MCA, from a suit arising from an act of the judiciary?
June Mead began working for Cascade County as a deputy clerk in the Clerk of Court’s office in 1976. In 1979, Mead temporarily replaced Judge Coder’s personal secretary, who was on maternity leave. When the personal secretary decided against returning to work, her position was opened for applications. Mead applied and was hired for the position.
Mead continued to work for Judge Coder as his personal secretary until he resigned in late 1983. Thomas McKittrick was appointed to replace Judge Coder. Immediately upon taking office, Judge McKit *430 trick informed Mead of his intention to open her position for applications. Mead applied but was not granted an interview. Judge Mc-Kittrick terminated Mead’s employment on January 6, 1984.
On January 17, 1984, Judge McKittrick sent Mead a letter giving his reasons for the termination. Mead asserts that the reasons in the letter merely outline work patterns she had established under Judge Coder. Mead believes her termination was unfair because Judge Mc-Kittrick had told her to continue her previous duties.
On July 6, 1984, Mead filed a complaint against Judge McKittrick, the members of the Cascade County Board of Commissioners and Cascade County, alleging: (1) violation of her right to due process of the law, (2) breach of contract, (3) breach of implied covenant of good faith and fair dealing, (4) wrongful discharge, and (5) fraud.
Defendants responded with motions to dismiss, alleging immunity among their defenses. Following oral argument on the issues, the District Court granted defendants’ motions. The trial judge held that Mead was a court employee rather than a county employee, and that her employment was “at-will.” Mead appealed the dismissal of her cause but dropped her breach of contract and fraud claims.

Issue No. 1

Is a district court judge immune, under Section 2-9-112(2), MCA, from suit for the summary discharge of his predecessor’s personal secretary?
Historically, judges have enjoyed absolute immunity for judicial acts. Pierson v. Ray (1967), 386 U.S. 547, 554, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288, 294. Montana has codified the doctrine of judicial immunity in Section 2-9-112(2), MCA, which provides:
“A member, officer, or agent of the judiciary is immune from suit for damages arising from his lawful discharge of an official duty associated with judicial actions of the court.”
The doctrine clothes Montana district courts with inherent and statutory powers to do all that is necessary to render their jurisdiction effective. Board of Commissioners of Flathead County v. Eleventh Judicial District Court (1979), 182 Mont. 463, 470, 597 P.2d 728, 732. The appointment and removal of key court employees is an effective judicial action.
The public policy of judicial immunity safeguards principled and independent decision-making. The contributions of a personal secretary are a significant part of judicial efficiency, which is why district court judges have the exclusive authority to choose their own per *431 sonal secretaries. Section 3-1-113, MCA, is a general grant of power to the courts: “[W]hen jurisdiction is . . . conferred on a court or judicial officer, all the means necessary for the exercise of such jurisdiction are also given.” This section authorizes the district court to hire the employees necessary to carry out statutorily-mandated duties.
We can see no violation of public policy in a newly-elected or appointed district judge selecting his own personal secretary. Indeed, public policy is best served when newly-elected officials are free to select their own key staff members. Holley v. Preuss (1977), 172 Mont. 422, 427, 564 P.2d 1303, 1306. The efficient and proper administration of justice requires that judges have personal secretaries with whom they can work professionally and confidentially. As such, the personal secretary occupies a distinct and unique status among district court employees.
“[T]he modern judge differs from his predecessor in that he must rely more on his staff... A judge’s institutional personality, therefore, extends beyond his person.” Forrester v. White (7th Cir. 1986), 792 F.2d 647, 654. “[I]f an employee’s duties are intimately related to the functioning of the [judicial] process, then personnel decisions regarding that employee are also part of the process.” Forrester, 792 F.2d at 655.
Immediately upon appointment, Judge McKittrick began an orderly transition into judicial office. Judge McKittrick opened Mead’s position for new applicants and informed Mead of this fact.
As we have stated earlier: “The immunity statute applies to judicial acts with no stated limitation.” Knutson v. State of Montana (Mont. 1984), [211 Mont. 126,] 683 P.2d 488, 490, 41 St.Rep. 1258, 1260. Such acts naturally include the power to employ key court personnel.
In conclusion, Mead’s discharge was a judicial act, which is immune under Section 2-9-112(2), MCA.

Issue No. 2

Are the county and county commissioners immune, under Section 2-9-112(1), MCA, from a suit arising from an act of the judiciary?
Section 2-9-112(1), MCA, provides:
“The state and other governmental units are immune from suit for acts or omissions of the judiciary.”
In Knutson, 683 P.2d at 490, 41 St.Rep. at 1260, we held that “[Section 2-9-112(1)] applies to protect the state and governmental agen *432 cies whenever the judicial power of the state is put to use in a judicial action.” Since Mead’s discharge was a judicial act, the county and its commissioners cannot be liable, because the legislature has expressly immunized them. Furthermore, the immunity of the defendants is dispositive of any subordinate issues raised by Mead.
Affirmed.
MR. JUSTICES HARRISON, WEBER, SHEEHY and GULBRANDSON concur.