MR. JUSTICE SHEEHY,
dissenting:
In a recent case Mead v. McKittrick (Mont. 1986), [223 Mont. 428,] [727 P.2d 517, 43 St.Rep. 1886, we upheld the right of a district judge to hire his own secretary, saying “if an employee’s duties are intimately related to the functioning of the judicial process, then personnel decisions regarding that employee are also part of the process” (citing Forrester v. White (7th Cir. 1986), 792 F.2d 647, 655).
The classification of court employees within a general matrix of county employees for pay purposes is a matter of direct concern to the court and the judicial process. Here the District Court found that the classification of its employees by the union and the city-county management served to “demote and denigrate” the court employees. The majority dismisses that finding as “subjective,” a new standard of appellate review. Yet it clearly is true that if court employees are demoted to a lesser pay grade than their duties and responsibilities require, they are denigrated. The judicial process is directly affected, because court employees would not be properly compensated when compared to city-county employees of similar rank in responsibility.
There is no “unreasoned demand” for budgetary consideration involved in this case, and the basis for Webster Cty. Bd. of Sup’rs. v. Flattery (Iowa 1979), 268 N.W.2d 869 therefore does not apply here. What jumps out of the record is that the independent professional consultant favored classifying court personnel at a higher grade. The union and management bargained that away without any consideration of the rights of the District Court to properly-compensated employees, or of the adverse effect on the judicial process. The District Court here had an inherent and a statutory right to act to protect the judicial process. Section 3-1-113, MCA. It does not have to wait until the emergency actually occurs. It has a right to forestall the emergency. Only a few years ago, when the county commissioners of Cascade County refused to provide proper funds for the operations of its District Court, this Court ordered the county commissioners to provide those funds for the very purpose of avoiding an impending emergency. We did not wait until the collapse occurred, although *84 here the majority indicate an actual emergency is necessary for a court to act.
In like vein, there is no logic in the position that because Court employees are paid the same as last year, they are not adversely damaged by the matrix pay plan. Self-esteem may be more important to an employee than the pay involved.
Inadvertently or not, the city-county did not comply with the District Court orders either before or after it was brought to the attention of management. The orders of the District Court have not been and are not now being obeyed. The orders which are the subject of this appeal have had no more effect than scraps of paper. It may be fortunate that the majority are unwilling to test the efficacy of our orders in Butte.
I would not concede to the management of the city-county of Butte-Silver Bow, nor to its negotiating team, nor to the union negotiations the right to classify adversely court employees for purposes other than court business. Therefore, I would affirm the orders of the District Court.
MR. JUSTICE HUNT, concurs in the foregoing dissent.