JUSTICE NELSON
specially concurs.
While agreeing with our discussion of the other issues in this case, I specially concur in the Court’s opinion with respect to the issue of judicial immunity. Our opinion on that issue is limited to distinguishing Mead v. McKittrick (1986), 223 Mont. 428, 727 P.2d 517, inasmuch as the District Court grounded its decision in that case, (although it appears that the District Judge favored using the “functional approach” discussed below). Nevertheless, it is my opinion that a dispositive decision handed down by the United State’s Supreme Court since Mead, mandates our decision here.
One of the key cases that we relied on in deciding Mead was Forrester v. White (7th Cir. 1986), 792 F.2d 647. We cited that case for the proposition that, “[I]f an employee’s duties are intimately related to the functioning of the [judicial] process, then personnel decisions regarding that employee are also part of the process.” Mead, 727 P.2d at 519. Following our decision in Mead, the Seventh Circuit’s decision *491 in Forrester was reversed on appeal to the United States Supreme Court. See, Forrester v White (1988), 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed. 2d 555.
As in the instant case, Forrester involved a personnel dispute between an employee working for the court and a state court judge. In Illinois, the presiding circuit judge had authority to hire adult and juvenile probation officers, who were removable at his discretion. The respondent state court judge hired Forrester as an adult and juvenile probation officer and, some two years later, promoted her to a position of increased supervisory responsibilities. A year later the judge demoted Forrester to a nonsupervisory position and, a few months after that, he fired her. Forrester sued in federal district court alleging federal civil rights violations. The jury found that the judge had engaged in unlawful sex discrimination and awarded Forrester compensatory damages. Subsequent to the verdict, the judge’s motion for summary judgment was granted on the ground that he was entitled to judicial immunity from a civil damages suit. Forrester, 484 U.S. at 222, 108 S.Ct. at 541-42.
On appeal, a divided panel of the Seventh Circuit affirmed. The Circuit Court held that the judge was entitled to absolute judicial immunity, reasoning that Forrester performed functions that were “inextricably tied to discretionary decisions that have consistently been considered judicial acts,” and that, absent the judge being able to freely replace the employee, the quality of his own decisions might decline. Forrester, 792 F.2d at 657.
The U.S. Supreme Court rejected the Circuit Court’s analysis. While acknowledging that immunity doctrines function to free government officials from the threat of personal liability for actions taken pursuant to their official duties and to encourage such officials to make impartial, objective and imaginative decisions without such decisions being skewed by an excess of caution and by fear of suit, the Court also pointed out that, running though the immunity cases is, "... a “functional” approach to immunity questions ...”. Forrester, 484 U.S. at 224, 108 S.Ct. at 542.
Under that approach, we examine the nature of the functions with which a particular official or class of officials has been lawfully entrusted, and we seek to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions.
Forrester, 484 U.S. at 224, 108 S.Ct. at 542.
*492 While observing that judges, as a class, have long enjoyed a comparatively sweeping, if not perfectly well-defined, form of immunity, Forrester, 484 U.S. at 225, 108 S.Ct. at 543, the Court, nevertheless, pointed out that, as in the instant case, “[difficulties have arisen primarily in attempting to draw the line between truly judicial acts, for which immunity is appropriate ...,” (i.e. “... paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court”) and "... acts that simply happen to have been done by judges.” “Here, as in other contexts, immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches.” Forrester, 484 U.S. at 227, 108 S.Ct. at 544. (Emphasis added to last phrase).
In Forrester the Court drew the immunity line between judicial acts and "... the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform,” Forrester, 484 U.S. at 227, 108 S.Ct. at 544, observing that administrative decisions, while essential to the very functioning of the courts, are not regarded as judicial acts. Forrester, 484 U.S. at 228, 108 S.Ct. at 544-45.
Focusing on the facts in Forrester, the Court then concluded that the state-court judge was acting in an administrative capacity when he demoted and discharged Forrester. “Those acts — like many others involved in supervising court employees and overseeing the efficient operation of a court — may have been quite important in providing the necessary conditions of a sound adjudicative system,” [but] “... were not themselves judicial or adjudicative.” Forrester, 484 U.S. at 229, 108 S.Ct. at 545.
Without ruling on the question of whether qualified immunity might be available to judges who make discretionary employment decisions, and noting that absolute immunity is “ ‘strong medicine, justified only when the danger of [officials’ being] deflect[ed from the effective performance of their duties] is very great,’ ” the Court held that the state-court judge was not entitled to absolute immunity for his decisions to demote and discharge Forrester. Forrester, 484 U.S. at 230, 108 S.Ct. at 545-46.
In like fashion, the U.S. Supreme Court has on three occasions applied a “functional approach” in deciding absolute immunity questions involving prosecutors. See Buckley v. Fitzsimmons (1993), 61 USLW 4713, 113 S.Ct. 2606, 125 L.Ed.2d 209; Burns v. Reed (1991), 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547; and Imbler v. Pachtman (1976), 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128.
*493 Accordingly, the functional approach to absolute immunity questions is firmly rooted in the cases decided by the U.S. Supreme Court and, in my view, is binding precedent on this Court. Under the functional approach, it is the nature of the function performed, not the identity of the actor who performs it, that drives immunity analysis.
In the instant case, Judge Clark was not involved in “paradigmatic judicial acts involved in resolving disputes between parties who had invoked the jurisdiction of a court.” He was, in fact, performing the very same functions — supervising court employees and overseeing the efficient operation of a court — that the Court in Forrester found to be neither judicial nor adjudicative. Judge Clark was acting in an administrative capacity when he disciplined Guest, and, under Forrester, he is not entitled to absolute judicial immunity from suit.
On appeal Judge Clark argues that Forrester is inapplicable because § 2-9-112(2), MCA, grants immunity from suit to members of the judiciary where the performance of the official duty at issue is “associated” with “judicial actions of the court.” Section 2-9-112(2), MCA. Judge Clark’s argument, however, is erroneously premised on his conclusion that disciplining an employee is a “judicial action.” Clearly, under Forrester, it is not. Such an action is administrative, and acts “associated” with the performance of an administrative action of the court are no more clothed with statutory immunity under Montana law than are such acts clothed with absolute immunity under the functional approach adopted in the federal case law. Accordingly, § 2-9-112(2), MCA, supports, rather than conflicts with, the application of the functional approach.
As with the Court’s decision in Forrester, I express no opinion on the applicability of the doctrine of qualified immunity to Judge Clark’s actions in this case. It is clear, however, that in disciplining Guest, he was performing an administrative, rather than a judicial or adjudicative function, and that under both the functional approach and under § 2-9-112(2), MCA, Judge Clark is not entitled to absolute judicial immunity from suit.
Accordingly, I specially concur with the Court’s decision on the immunity issue and concur with its discussion on all other issues.
JUSTICE TRIEWEILER concurs in the foregoing special concurrence.