JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 Robert Silvestrone (Silvestrone) appeals from an order of the Sixth Judicial District Court, Park County, granting Park County’s (County) motion for summary judgment and denying Silvestrone’s motion to amend his complaint. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
¶2 Park County Sheriffs deputies arrested Silvestrone for misdemeanor assault in May of 2002. The officers transported Silvestrone to the Park County jail. Silvestrone spent three days in jail before he made his initial appearance before the Justice of the Peace. Silvestrone, acting without counsel, entered a plea of guilty during his initial appearance. Justice of the Peace Deanna Egeland accepted Silvestrone’s plea and ordered that Silvestrone pay a $350 fine.
¶3 Silvestrone sought legal advice after his guilty plea. He petitioned the District Court through counsel for post-conviction relief and filed a motion to withdraw his guilty plea in June of 2002. The District Court granted Silvestrone’s motion to withdraw his guilty plea on December 17, 2002, and remanded his case to the Justice Court for a jury trial.
¶4 On the same day that the District Court granted Silvestrone’s motion to withdraw his guilty plea, the Justice of the Peace issued a bench warrant for Silvestrone’s arrest for failure to pay the fine specified in his original sentence. Two years later, in December of 2004, officers arrested Silvestrone on the bench warrant and transported him to the Park County jail. The County moved to dismiss *301 the original charge upon discovering the District Court’s order remanding the matter to the Justice Court for trial. The Justice of the Peace granted the motion.
¶5 Silvestrone filed a tort action in District Court on May 11, 2006. Silvestrone named the County as defendant. Silvestrone claimed actual damages and emotional duress stemming from the Justice of the Peace’s wrongfully issued arrest warrant. The County filed a motion for summary judgment on June 6, 2006. Silvestrone moved to amend his complaint to encompass the actions of both the Justice of the Peace and the Park County agents and employees who were “directed to execute” the warrant. Silvestrone’s proposed amended complaint also asserted a cause of action arising under the “Constitution and Laws” of Montana.
¶6 The District Court held a hearing on the summary judgment motion. At the hearing, as well as in his brief opposing summary judgment, Silvestrone asserted the need for more time to conduct discovery. Despite these assertions, however, Silvestrone failed to file a motion pursuant to M. R. Civ. P. 56(f) for additional time for discovery at any time during the proceedings. The District Court nevertheless allowed Silvestrone an additional sixty days for discovery and permitted the parties to submit additional briefs regarding the County’s motion for summary judgment. The District Court eventually granted the County’s motion for summary judgment. The court also denied Silvestrone’s motion to amend his complaint. Silvestrone appeals.
STANDARD OF REVIEW
¶7 We review a district court's decision to grant summary judgment de novo, using the same criteria applied by the district court under M. R. Civ. P. 56. Miller v. City of Red Lodge, 2003 MT 44, ¶ 10, 314 Mont. 278, ¶ 10, 65 P.3d 562, ¶ 10. The moving party must demonstrate that no genuine issues of fact exist. Miller, ¶ 10. The non-moving party must then prove, by more than mere denial and speculation, that a genuine issue of fact does exist. Miller, ¶ 10. If no genuine issues of fact exist, the court must determine if the moving party is entitled to judgment as a matter of law. Miller, ¶ 10. We review legal determinations for correctness. Miller, ¶ 10.
DISCUSSION
¶8 Silvestrone argues on appeal that the District Court granted summary judgment prematurely. He asserts that the District Court *302 conducted the proceedings with excessive haste. Silvestrone contends that the County’s motion for summary judgment preempted discovery necessary for resolving certain factual issues. He also asserts that the District Court improperly provided the County with “blanket” or “absolute” immunity in conflict with Montana’s constitutional provision subjecting the government to suit for injury to person or property. Mont. Const. art. II, § 18.
¶9 Silvestrone’s argument concerning the abbreviated period for discovery disregards both the procedures and policies relating to summary judgment. The defendant may move for summary judgment at any time after a party files a complaint. M. R. Civ. P. 56(b). Summary judgment serves to encourage judicial economy and to eliminate the delay and expense of unnecessary trials. Klock v. Town of Cascade, 284 Mont. 167, 173, 943 P.2d 1262, 1266 (1997). Parties opposing summary judgment can move the court for additional time to conduct discovery pursuant to M. R. Civ. P. 56(f).
¶10 Silvestrone complains that the hastened pace of the proceedings and the inadequate time for conducting discovery prevented him from uncovering potentially relevant evidence and witnesses. The record reveals, however, that despite these assertions Silvestrone filed no Rule 56(f) motion. Silvestrone failed to provide the court with any affidavits that might demonstrate the need for additional time for discovery. See Heggem v. Capitol Indent. Corp., 2007 MT 74, ¶ 20, 336 Mont. 429, ¶ 20, 154 P.3d 1189, ¶ 20; Morales v. Tuomi, 214 Mont. 419, 426, 693 P.2d 532, 535-36 (1985). The District Court attempted to accommodate Silvestrone by granting an additional sixty days for discovery despite the lack of a formal motion, an affidavit, or assertions of substance.
¶11 Once the County established the absence of genuine issues of fact, Rule 56(c) required Silvestrone to provide more than mere speculation of possible issues of fact. Miller, ¶ 10. Silvestrone’s failure to provide meaningful submissions raising genuine issues of fact entitled the District Corut to rule on summary judgment without providing additional time for discovery.
¶12 Silvestrone next challenges the District Court’s grant of summary judgment as inappropriate in light of the “constitutional nature” of the rights asserted. The 1972 Montana Constitution abrogated the common-law doctrine of sovereign immunity from suit in Article II, Section 18. Mont. Const. art. II, § 18. The Montana Constitution allows such immunity only if the legislature established it by a two-thirds *303 vote. Mont. Const. art. II, § 18; Brunsvold v. State, 250 Mont. 500, 504, 820 P.2d 732, 734 (1991).
¶13 We previously have indicated that immunities separate and distinct from sovereign immunity remained unaffected by the language of Article II, Section 18. State ex rel. Dept. of Justice v. District Court, 172 Mont. 88, 560 P.2d 1328 (1976) (prosecutorial immunity); Koppen v. Board of Medical Examiners, 233 Mont. 214, 759 P.2d 173 (1988) (quasi-judicial immunity). We do not need to determine here if the common law doctrine of judicial immunity also survived Article II, Section 18, as the legislature enacted § 2-9-112, MCA, in 1977 to codify the doctrine of judicial immunity. Mead v. McKittrick, 223 Mont. 428, 430, 727 P.2d 517, 518-19 (1986).
¶14 Section 2-9-112, MCA, provides that “[t]he state and other governmental units are immune from suit for acts or omissions of the judiciary.” We have held that judicial immunity of the government arises “ ‘whenever the judicial power of the state is put to use in a judicial action.’ ” Mead, 223 Mont. at 431-32, 727 P.2d at 519 (quoting Knutson v. State, 211 Mont. 126, 129, 683 P.2d 488, 490 (1984)). We have noted that the language of the immunity statute applies to judicial acts with “no stated limitation.” Knutson, 211 Mont. at 128-29, 683 P.2d at 490.
¶15 Silvestrone asks this Court either to deem § 2-9-112, MCA, unconstitutional as conflicting with the intent of the framers of Article II, Section 18, or to prohibit its application on summary judgment in light of the fundamental rights involved. This Court has recognized the legislature’s compliance with the requirements laid out in Article II, Section 18, that specifically allow for the establishment of judicial immunity. See e.g. Brunsvold, 250 Mont. at 504, 820 P.2d at 734; Knutson, 211 Mont. at 128, 683 P.2d at 490; Reisdorff v. County of Yellowstone, 1999 MT 280, ¶ 27, 296 Mont. 525, ¶ 27, 989 P.2d 850, ¶ 27, overruled on other grounds by Miller v. City of Red Lodge, 2003 MT 44, ¶¶ 18, 26, 314 Mont. 278, ¶¶ 18, 26, 65 P.3d 562, ¶¶ 18, 26. We have noted the limits of state immunity laws such as § 2-9-112, MCA. Miller, ¶ 18; Germann v. Stephens, 2006 MT 130, ¶¶ 48-53, 332 Mont. 303, ¶¶ 48-53, 137 P.3d 545, ¶¶ 48-53.
¶16 We also have noted the opportunity for plaintiffs to hold the State and its representatives accountable for violations of federal statutory and constitutional rights with actions based on 42 U.S.C. § 1983. Miller, ¶ 18; Germann, ¶¶ 47-53. Silvestrone alleged a violation of Montana’s “Constitution and Laws.” He did not bring an action under § 1983. He cannot avoid the application of § 2-9-112, MCA. *304 Furthermore, Silvestrone failed to challenge the constitutionality of § 2-9-112, MCA, before the District Court. He may not challenge the statute’s constitutionality for the first time on appeal. State v. Martinez, 2003 MT 65, ¶ 17, 314 Mont. 434, ¶ 17, 67 P.3d 207, ¶ 17.
¶ 17 Silvestrone faults the Justice of the Peace for invalidly issuing the warrant that led to his arrest, incarceration, and damages. He also faults individuals “directed to execute” the warrant and a breakdown in the administrative process of Park County courts. As the County correctly noted, however, the Justice of the Peace’s issuance of the bench warrant constituted a judicial act. Section 3-10-401, MCA. The execution of the warrant likewise represents the judicial power of the state put into action. Reisdorff, ¶¶ 29-30.
¶18 The District Court’s grant of Silvestrone’s motion to withdraw his guilty plea and its remand of the case to the Justice Court for a trial also constituted judicial acts. Section 46-20-703, MCA. The failure of the Park County courts and personnel to remand the matter to the Justice Court constitutes an omission as opposed to an affirmative judicial act. Section 2-9-112(1), MCA, provides the government with immunity, however, for both acts and omissions of the judiciary. The Justice Court’s lack of awareness of the District Court’s remand resulted in the inaction of the judicial power of the state.
¶19 We do not condone the acts and omissions leading to Silvestrone’s arrest. The judicial officers and employees of the judicial branch must use great care in the exercise of their duties in light of the potential for disruption to the lives of citizens affected by their actions. We do not doubt that Silvestrone’s arrest may have caused considerable disruption to him. The acts and omissions leading to his arrest, however, fall within the immunity afforded to the County under § 2-9-112(1), MCA. We conclude that the District Court correctly determined that the County was entitled to judgment as a matter of law under these uncontested facts.
¶20 Affirmed.
CHIEF JUSTICE GRAY, JUSTICES WARNER and RICE concur.