CHIEF JUSTICE McGRATH
delivered the Opinion of the Court.
¶1 The Flathead Joint Board of Control (the Board) challenges the constitutionality of the Confederated Salish and Kootenai Water Compact (the Compact) entered between the Tribes, the State of Montana and the United States, and codified at § 85-20-1901, MCA. The District Court held that one provision was unconstitutional, but that it was severable from the remainder of the Compact. The Board appeals.
¶2 We restate the issue on appeal as whether Article II, Section 18 of the Montana Constitution required the Legislature to approve the Compact or its administrative provisions by a two-thirds vote of each house because they granted new immunities to the State.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 After many years of negotiation, representatives of the State of Montana, through the Reserved Water Rights Compact Commission, providedfor in § 85-2-702, MCA, the Confederated Salish and Kootenai *272 Tribes (CSK), and the United States agreed to the terms of the Compact as a means of settling water rights disputes involving the Tribes. In 2015 the Montana Legislature approved the Compact, and its lengthy provisions are codified at § 85-20-1901, MCA. The Legislature concurrently enacted separate administrative and management provisions, codified at § 85-20-1902, MCA. While the State of Montana has approved the Compact, it will not be effective until after it is also approved by the CSK Tribal Council and by Congress.
¶4 The parties agreed in the Compact that the water right claims of the CSK Tribes should be settled through agreement rather than litigation. The Compact seeks to “secure to all residents of the Reservation the quiet enjoyment of the use of waters of the Reservation” and to provide a “unitary administration system” for appropriation of water and administration of water rights. Art. I, § 85-20-1901, MCA.
¶5 The plaintiff Board oversees the operations of the Flathead, Mission and Jocko Valley Irrigation Districts. The Districts are local governmental entities provided for by Montana law, with locally elected officials. They generally have the authority and responsibility to represent landowners in the various districts as to water and irrigation matters.
¶6 The Board challenged a specific section of the Compact and a specific section of the administrative provisions. The first, Article IV.I.8 of § 85-20-1901, MCA, of the Compact provides:
The Tribes and the State hereby waive their respective immunities from suit, including any defense the State shall have under the Eleventh Amendment of the Constitution of the United States, in order to permit the resolution of disputes under the Compact by the Board, and the appeal or judicial enforcement of Board decisions as provided herein, except that such waivers of sovereign immunity by the Tribes or the State shall not extend to any action for money damages, costs or attorneys’ fees. The parties recognize that only Congress can waive the immunity of the United States and that the participation of the United States in the proceedings of the Board shall be governed by Federal law, including 43 U.S.C. § 666.
The second section challenged by the Board is Section 1-2-111 of § 85-20-1902, MCA, of the administrative and management statute:
Members of the Board, the Engineer, and Designee, and Water Commissioner appointed pursuant to Section 3-1-114 of this Ordinance, and any Staff shall be immune from suit for damages *273 arising from the lawful discharge of an official duty associated with the carrying out of powers and duties set forth in the Compact or this Ordinance relating to the authorization, administration, or enforcement of water rights on the Reservation.
The Board contends that these provisions create new sovereign immunities from suit for the State of Montana, and that Article II, Section 18 of the Montana Constitution therefore requires that they be enacted by a two-thirds majority of each house of the Legislature. The parties agree that neither the Compact nor the management provisions passed either house by a two-thirds majority vote.
¶7 The parties filed cross motions for summary judgment. The District Court found that the case was justiciable and appropriate for judicial resolution. As to the merits, the District Court found that the challenged section of the Compact did not contravene Article II, Section 18 of the Montana Constitution because it did not enact any new immunities from suit. To the contrary, that section waived immunities from suit and so could become effective without a two-thirds majority vote of each house of the Legislature. As to the challenged section of the administrative provisions, the District Court found that it provided “new immunity to the State and its agents” and therefore was covered by Article II, Section 18 of the Montana Constitution. Since the provision did not pass by a two-thirds majority of each house, the District Court struck it as unconstitutional, but held that it could be severed from the remaining provisions of the enactment.
¶8 The Board appeals and the State cross-appeals.
STANDARD OF REVIEW
¶9 All legislative enactments are presumed to be constitutional, and the challenging party bears the “heavy burden” to prove “beyond a reasonable doubt” that the challenged statute is unconstitutional. Molnar v. Fox, 2013 MT 132, ¶ 49, 370 Mont. 238, 301 P.3d 824. Courts should strive whenever possible to avoid interpreting a statute in a way that causes it to be unconstitutional. Molnar, ¶ 38.
¶10 This Court reviews a district court’s decision on summary judgment to determine whether it is correct, using the same criteria under M. R. Civ. P. 56. Pilgeram v. GreenPoint Mortgage, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839.
DISCUSSION
¶11 Issue: Whether Article II, Section 18 of the Montana Constitution required the Legislature to approve the Compact or its administrative provisions by a two-thirds vote of each house because they granted new *274 immunities to the State.
¶12 As a preliminary matter, the State contends that this case is not justiciable because the Compact has not yet been approved by the CSK Tribes or by Congress and so is not yet in effect. The District Court determined that the legal issues were justiciable, noting that the State has approved the Compact, and has appropriated money to begin implementing it. We agree that because the Montana Legislature has appropriated money for the purpose of implementing the Compact, and its preliminary provisions are being implemented, we are not called upon to issue an advisory opinion here. The issues of Tribal water rights are important both in the Flathead region and statewide, and the issues presented here are purely legal and constitutional. See Confederated Salish & Kootenai Tribes v. Stults, 2002 MT 280, ¶ 19, 312 Mont. 420, 59 P.3d 1093. Determining the State constitutional challenge now will also resolve any cloud over the deliberations of Congress and the CSK Tribes in considering the Compact. A decision here applies to an existing controversy; the issue can be determined by judicial decision; and the dispute is one of “overriding public moment.” Lee v. State, 195 Mont. 1, 6, 635 P.2d 1282, 1284-85 (1981). Therefore, we proceed to consider the merits of the legal issues raised by the Board.
¶13 In 1972 the State of Montana waived its sovereign immunity from suit with adoption of Article II, Section 18 of the Constitution. Silverstone v. Park County, 2007 MT 261, ¶ 12, 339 Mont. 299, 170 P.3d 950. Despite that waiver, the State remains immune from suit for money damages in federal courts because of the Eleventh Amendment to the United States Constitution. Brown v. Montana, 442 F. Supp. 2d 982, 988 (D. Mont. 2006). A state may waive sovereign immunity from suit in its own courts without waiving its Eleventh Amendment immunity. Montana v. Peretti, 661 F.2d 756, 757 (9th Cir. 1981).
¶14 The Montana Constitution provides:
The state, counties, cities, towns and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a 2/3 vote of each house of the legislature.
Mont. Const. art. II, § 18. This provision restrains the Legislature in asserting sovereign immunity from suit, but it “does not in any way prohibit the legislature from waiving sovereign immunity in any case.” Byorth v. District Court, 175 Mont. 63, 66, 572 P.2d 201, 203 (1977) (emphasis in original).
¶15 The District Court determined that the Compact provision providing for a “waiver of immunity” in Article IV. 1.8 of § 85-20-1901, *275 MCA, did not violate the provisions of Article II, Section 18 of the Montana Constitution. The District Court determined that this provision was a waiver of immunity, not a grant of new immunity. The District Court determined that the two-thirds legislative approval requirement of Article II, Section 18 of the Montana Constitution applies only to the imposition of new immunities from suit and therefore does not apply to new waivers of immunity. We agree with the District Court’s construction of the plain language of the Constitution and the Compact. Article IV. 1.8 of § 85-20-1901, MCA, of the Compact on its face did not create any new immunity from suit and so could be enacted by less than a two-thirds majority of each house.
¶16 The disputed immunity provision in the administrative and management statute is Section 1-2-111 of § 85-20-1902, MCA (quoted above). The administrative statute creates a Water Management Board consisting of two members appointed by the Governor, two appointed by the CSK Tribal Council, and a fifth selected by those appointees. The Board is responsible for appointing an Engineer and any Water Commissioners. Sec. 1-2-110,3-1-114, § 85-20-1902, MCA. The District Court determined that it clearly “creates a new sovereign immunity for the state, and for its agents or employees.”
¶17 It is established that “immunities separate and distinct from sovereign immunity remained unaffected by the language of Article II, Section 18.” Silverstone v. Park County, 2007 MT 261, ¶ 13, 339 Mont. 299, 170 P.3d 950. Individuals who are judges, prosecutors, and members of quasi-judicial bodies, for example, have immunities from suit for actions taken in their designated positions. Silverstone, ¶ 13; § 2-9-112, MCA (providingfor judicial immunity.) Article II, Section 18 on its face plainly applies only to new sovereign immunities enacted for the benefit of the “state, counties, cities, towns and all other local governmental entities.” The immunity provision of the administrative and management ordinance, Section 1-2-111 of § 85-20-1902, MCA, does not establish or alter any immunity as to the “state, counties, cities, towns [or] other local governmental entities.” To the contrary, the new immunities provided there specifically apply only to designated individuals—“Members of the Board, the Engineer, and Designee, and Water Commissioners appointed pursuant to Section 3-1-114 of this Ordinance, and any Staff.” We decline to consider any extrinsic materials to determine legislative intent here because it is clear on the face of the statute. Swanson v. Consumer Direct, 2017 MT 57, ¶ 16, 387 Mont. 37, 391 P.3d 79. State governmental entities listed in Article II, Section 18 of the Montana Constitution are not covered by *276 this immunity provision in the management ordinance.[1]
¶18 Montana law in other contexts recognizes immunities from suit as to individual public employees, apart from immunities for the governmental entities themselves. Section 2-9-305(2), MCA, provides that a State employee is immune from suit if the governmental entity employer acknowledges or is bound by a judicial determination that the employee was acting in the course and scope of employment. Also, for example, see § 2-9-112(2), MCA, granting immunity from suit for damages to a “member, officer, or agent of the judiciary”; § 7-33-2208(2), MCA, granting a chief or deputy of a rural fire district immunity from suit resulting from certain firefighting activities; and § 41-2-203, MCA, immunizing from suit persons who report child abuse, in certain situations.
¶19 The District Court reached an incorrect conclusion of law by construing the disputed provision of the administrative statutes as providing a new immunity from suit for the State of Montana. The provision on its face does not provide any new immunity to the State of Montana or to any other governmental entity. Therefore, Article II, Section 18 of the Montana Constitution does not apply, and the District Court’s decision to the contrary is reversed.
CONCLUSION
¶20 The disputed provisions of the Confederated Salish and Kootenai Water Compact are consistent with Article II, Section 18 of the Montana Constitution. The District Court is affirmed in part and reversed in part.
JUSTICES McKINNON, BAKER, WHEAT, SHEA and SANDEFUR concur.

 We need not consider whether the Board itself is a State, Tribal or Federal entity because the only immunity provided is to “members” of the Board.